## NO. 25-50037

## IN THE UNITED STATES COURT OF
## APPEALS FOR THE FIFTH CIRCUIT

CARL WELLS,

*Plaintiff-Appellant*

v.

LOTTERY.COM INCORPORATED, DOING
BUSINESS AS SPORTS.COM,
INCORPORATED,

*Defendant - Appellee*

On Appeal from the United States District Court for the Western District of
Texas – Austin Division, USDC No. 1:23-CV-01081-RP

## APPELLANT'S BRIEF

Dated: March 5, 2025

 Kennard Law P.C.

 **/s/ *Eddie Hodges Jr.*____**
**Eddie Hodges Jr.**
Texas Bar No.: 241165
Federal I.D.: 3479748
**Alfonso Kennard Jr.**
Texas Bar No. 24036888
S.D. ID 713316
5120 Woodway Drive Suite 10010
Houston, Texas 77056
eddie.hodges@kennardlaw.com
Alfonso.Kennard@kennardlaw.com
filings@kennardlaw.com
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this court may evaluate possible disqualification or recusal.

**A. Parties:**

Plaintiff/Appellant:               Carl Wells

Defendant/Appellee:               Lottery.com, Inc. d/b/a Sports.com, Inc.

**B. Attorneys:**

Plaintiff/Appellant:

> **Eddie Hodges Jr.**
> **Alfonso Kennard, Jr.**
> 5120 Woodway Dr., Suite 10010
> Houston, Texas 77056
> Tel: (713) 742-0900
> Fax: (713) 742-0951
> eddie.hodges@kennardlaw.com
> alfonso.kennard@kennardlaw.com
> filings@kennardlaw.com

Defendant/Appellee:

> **Andrew R. Korn**
> Texas Bar No. 11683150
> 4221 Avondale Avenue
> Dallas, Texas 75219
> (214) 521-0500 (phone)
> akorn@receiverandrewkorn.com

 _/s/ *Eddie Hodges Jr.*_____
**Eddie Hodges Jr.**

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3, Carl Wells, Plaintiff-Appellant requests that the Court hear oral argument in this case. This case meets the standards in Federal Rule 34(a)(2) for oral argument, in that this appeal is not frivolous, and as described in the accompanying memorandum, the decisional process would be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT........................................... iii

TABLE OF CONTENTS............................................................................. iv

TABLE OF AUTHORITIES......................................................................... vi

**JURISDICTIONAL STATEMENT** .......................................................3

ISSUES PRESENTED ................................................................................4

1. Whether the District Court erred in adopting the Magistrate's Recommendation and Report granting Appellee's 12(b)(6) Motion dismissing Appellant's FLSA minimum wage violation claim when it found "Appellant has not pled a minimum wage violation because he complains about wages to 'the tune of hundreds of thousands of dollars' as unpaid wages," given that Appellant explicitly pled minimum wage violations and he is seeking damages for breach of contract above and beyond the FLSA's recovery of unpaid minimum and overtime wages? ...................................................................................................4

a. Whether Appellant's inclusion of the FLSA Fact Sheet #70 and "demand that he be paid full regular pay compensation as required by the FLSA for every hour worked in any workweek for which he was not compensated" in the Second Amended Complaint forecloses on his ability to seek minimum wage violations under the FLSA, given that the FLSA Fact Sheet #70 states "exempt employees should be paid free-and-clear for any week which the employee performs without regard to the number of days or hours," yet Appellant alleges he is not exempt and Appellant has pled he is demanding minimum wages for every hour worked during the relevant pay period ...........................................................................................4

b. Whether Appellant has pleaded facts that support a plausible inference that he worked particular number of hours during the relevant period [July 2022 to present] in which he was not paid minimum wages, given that Appellant identifies each pay period [from July 2022 to present] he alleges he completed daily work, Appellant was not paid minimum wages during the relevant period, and alleged the total number of hours worked each week would be further determined through discovery? ...........................................................................5

2. Whether the District Court erred in adopting the Magistrate's Recommendation and Report granting Appellee's 12(b)(6) Motion dismissing

Appellant's FLSA minimum wage violation claim when it found Appellant to be exempt under the FLSA, given that Appellant alleged that he did not receive $684 per week and the District Court made improper factual determinations and failed to analyze the applicable elements required to prove whether any exemption existed, essentially relieving Appellee of its burden to establish an exemption exists by a preponderance of evidence? ................................................................5

    a. Whether District Court erred when it found Appellant's offer letter established by a preponderance of evidence that Appellant made at least $684 per week during the relevant period [July 2022 to present], given that Appellant alleges he did not receive any compensation during the relevant period and no evidence of his actual pay (i.e. pay stubs) was produced? ..................................5

    b. Whether the ultimate decision whether an employee is exempt from the FLSA is a question of law for the District Court to make factual determinations at the pleading stage without the employer establishing that an exemption exists by a preponderance of evidence or analyzing the elements for each exemption? 6

STATEMENT OF THE CASE .........................................................................6

STATEMENT OF FACTS.............................................................................12

STANDARD OF REVIEW ...........................................................................21

SUMMARY OF ARGUMENT .....................................................................21

ARGUMENT ................................................................................................26

**I. THE DISTRICT COURT ERRED IN FINDING APPELLANT FAILED TO STATE A MINIMUM WAGE VIOLATION CLAIM UNDER THE FLSA.**...............................................................................................26

**A. Appellant's plausibly pled a claim of minimum wage violation under the FLSA and seeks minimum wage damages and contractual damages above and beyond the FLSA's recovery of unpaid minimum and overtime wages.** 26

**B. Appellant's plausibly pled facts that he worked a particular number of hours during the relevant period and was not paid minimum wages.** .......31

**II. THE DISTRICT COURT ERRED IN FINDING APPELLANT WAS AN EXEMPT EMPLOYEE UNDER THE FLSA.**................................................34

**A.  Appellant did not receive $684 per week during the relevant period and Appellee did not satisfy its burden to establish an exemption exists by a preponderance of evidence**. ..........................................................................34

**B.  The District Court made improper factual determinations and failed to take facts liberally in Appellant's favor at the pleading stage by making the ultimate decision that Appellant was exempt under the FLSA without analyzing any FLSA exemption test**. ...........................................................38

CONCLUSION...................................................................................................45

PRAYER ..........................................................................................................47

CERTIFICATE OF COMPLIANCE...........................................................................48

CERTIFICATE OF SERVICE..................................................................................48

# TABLE OF AUTHORITIES

**CASES**                                                                              **PAGE(S)**

*Abatement v. Williams*,
324 S.W.3d 858 (Tex. App. - Houston [14th Dist.] 2010, pet. denied).. 9, 26, 30, 31

*Christopher v. SmithKline Beecham Corp.*,
567 U.S. 142 (2012)……….………………………………….…......... 8, 25, 39

*Cinel v. Connick*,
15 F.3d 1338 (5th Cir. 1994)………..………..…………………….…..…... 23, 27

*City of Waco, Tex. v. Bridges*,
710 F.2d 220 (5th Cir. 1983)……………………..…………………………… 34

*Dalheim v. KDFW-TV*,
N918 F.2d 1220 (5th Cir. 1990)……………………………...…… 24, 32

*Dewan v. M-I*,
858 F.3d 331 (5th Cir. 2017)…………...….…….………………… 8, 24, 26

*Dunbar v. Seger–Thomschitz*,
615 F.3d 574 (5th Cir. 2010)……..…………….…………….……….. 33, 34

*Fraser v. Patrick O'Connor & Assocs.*,
954 F.3d 742 (5th Cir. 2020)……………………..…………………… 8, 9, 26

*Garcia v. Pegaso, Energy Servs.*,
1:23-CV-790-DII (W.D. Tex. Apr. 11, 2024)…………...……………………… 45

*Hewitt v. Helix Energy Solutions Group, Inc.*,
15 F.4th 289 (5th Cir. 2021)………..……………….……..………………………… 38

*Jewell Ridge Coal Corp. v. Local No. 6167*,
325 U.S. 161 (1945)………..……….…...……………….….…………………….... 38

*Karna v. BP Corp. North America, Inc.*,
11 F. Supp. 3d 809 (S.D. Tex. 2014)...……………………………...……... 29

*Kennard Law v. United Airlines*,
No. 23-20430 (5th Cir. 2024)………………….…………………………… 5

*Mayfield v. DOL*,
117 F.4th 611 (5th Cir. 2024) ………………………………….…… 37, 38

*McCartney v. First City Bank*,
970 F.2d 45 (5th Cir. 1992)…………………………………………….. 22, 27

*Miller v. Infinite Percent Partners LLC*,
No. 20-CV-02253-HSG, 2021 WL 2474440 (N.D. Cal. June 17,
2021)……………………………………………………….... 8, 25, 26, 36, 37

*Parrish v. Premier Directional Drilling*,
917 F.3d 369 (5th Cir. 2019)..……………………………………….… 38

*Thomas v. United Airlines Inc.*,
No. 4:21-cv-01301, 2023 U.S. Dist. LEXIS 164669 (S.D. Tex. 2023)..………... 5

*United States v. Grinnell Corp.*,
384 U.S. 563 (1966)………................................................................ 5

*Villa v. Waters*,
2009 WL 1650482 (W.D. Tex. June 11, 2009)………........................ 9, 26, 30, 31

*Walker v. Thompson*,
214 F.3d 615 (5th Cir. 2000) …………………………………….………...….. 21

*White v. U.S. Corr., LLC,*
996 F.3d 302 (5th Cir. 2021)…..………..…………..………………… 32, 33, 45

*Wright v. Arlington Indep. Sch. Dist*.,
834 F. App'x 897 (5th Cir. 2020)………..…..…..……………………. 33, 34, 35

## RULES AND STATUTES

- FED. R. APP. P. RULE 28
- 5TH CIR. R. 27.1.6
- FED. R. CIV. P. RULE 12(B)(6)
- FED. R. CIV. P. RULE 8
- FED. R. CIV. P. RULE 9(B)
- FED. R. CIV. P. RULE 59(E)
- 29 C.F.R. § 541.600 et al
- 29 C.F.R. § 541.602
- 29 C.F.R. § 541.609(a)
- 29 U.S.C. § 201 et seq.
- 29 U.S.C. § 206(a)
- 28 U.S.C. § 1367(c)(2)-(3)
- 28 U.S.C. § 455(a)

## NO. 25-50037

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

CARL WELLS,

*Plaintiff-Appellant*

v.

LOTTERY.COM INCORPORATED, DOING
BUSINESS AS SPORTS.COM,
INCORPORATED,

*Defendant-Appellee*

On Appeal from the United States District Court for the Western District of
Texas – Austin Division, USDC No. 1:23-CV-01081-RP

## APPELLANT'S BRIEF

Appellant, Carl Wells, files this brief pursuant to Federal Rules of Appellate Procedure 28. Appellee's 12(b)(6) Motion to Dismiss was improperly granted by the District Court because the lower court made improper factual determinations and resolved all factual disputes in Appellees' favor. Appellant Carl Wells has alleged that he is a nonexempt full-time employee who did not receive minimum wages from July 2022 to present. The District Court disregarded the fact that Appellant pled he

did not receive any compensation during the relevant period and the lower court unilaterally determined that Appellant was exempt without seeing a single paycheck or analyzing each element of any FLSA exemption. The implications of the District Court's ruling is momentous for employers/employees covered by the FLSA. In essence, any business can hire multiple employees, assign and label them with executive or administrative functions, offer them a high salary and not pay them any wages without suffering the consequences of the FLSA. The District Court's ruling has created the most convenient and lucrative pathway for employers to escape FLSA liability in the Fifth Circuit. Consequently, under the FLSA, employers no longer have the burden of proving that the employee falls within the claimed exempted category by a preponderance of evidence. As here, District Courts can make factual determinations regarding FLSA exemptions, at the pleading stage, without reviewing any evidence.

The District Court found: (1) Appellant has not pled minimum wage violations; and (2) Appellant was employed in a capacity which exempts him from the provisions of the FLSA. Neither the Appellee nor the District Court identified which exemption applied to Appellant. The District Court erred in its decision to grant the Motion to Dismiss because the District Court did not limit itself to determining whether the Second Amended Complaint gave Appellee fair notice of FLSA violations. Instead, the District Court made several determinations that,

without discovery, Appellee satisfied its burden of establishing that an exemption applies and that Appellant was not seeking minimum wages. In the Report and Recommendations, adopted by the District Court, the Magistrate cited multiple cases that are distinguishable, and the lower court failed to analyze important facts within the FLSA cases. Furthermore, it is apparent the lower court evaluated these claims under a summary judgment standard at the pleading stage. The District Court erred by making improper factual determinations on a 12(b)(6) motion relieving Appellee of its burden of proving whether an exemption exists by a preponderance of evidence. Therefore, we respectfully ask this Court to **REVERSE** the decision of the District Court and **REMAND** the case back to the District Court with instructions to **VACATE** the Order [Dkt. 53] granting Appellee's Motion to Dismiss and allow the case to proceed with initial case discovery.

## JURISDICTIONAL STATEMENT

Carl Wells ("Mr. Wells/Appellant") appeals from the Order granting Appellee's 12(b)(6) Motion to Dismiss on January 24, 2025.

The Report and Recommendation was entered on November 15, 2024, by the Honorable Magistrate Judge Mark Lane. The Final Judgment, which adopted the Report and Recommendation, was entered on January 24, 2025, by the Honorable Judge Robert Pitman in the United States District Court for the Western District of Texas – Austin Division . On January 24, 2025, Appellant timely filed a notice of

appeal. The Fifth Circuit docketed this appeal and gave notice that Appellant's brief was due on April 7, 2025. Appellant now timely files this Appellant brief.

<u>**ISSUES PRESENTED**</u>

1.     Whether the District Court erred in adopting the Magistrate's Recommendation and Report granting Appellee's 12(b)(6) Motion dismissing Appellant's FLSA minimum wage violation claim when it found "Appellant has not pled a minimum wage violation because he complains about wages to 'the tune of hundreds of thousands of dollars' as unpaid wages," given that Appellant explicitly pled minimum wage violations and he is seeking damages for breach of contract above and beyond the FLSA's recovery of unpaid minimum and overtime wages?

   a. Whether Appellant's inclusion of the FLSA Fact Sheet #70 and "demand that he be paid full regular pay compensation as required by the FLSA for every hour worked in any workweek for which he was not compensated" in the Second Amended Complaint forecloses on his ability to seek minimum wage violations under the FLSA, given that the FLSA Fact Sheet #70 states "exempt employees should be paid free-and-clear for any week which the employee performs without regard to the number of days or hours," yet Appellant alleges he is not exempt and Appellant has pled he is demanding minimum wages for every hour worked during the relevant pay period?

b. Whether Appellant has pleaded facts that support a plausible inference that he worked particular number of hours during the relevant period [July 2022 to present] in which he was not paid minimum wages, given that Appellant identifies each pay period [from July 2022 to present] he alleges he completed daily work, Appellant was not paid minimum wages during the relevant period, and alleged the total number of hours worked each week would be further determined through discovery?

2.    Whether the District Court erred in adopting the Magistrate's Recommendation and Report granting Appellee's 12(b)(6) Motion dismissing Appellant's FLSA minimum wage violation claim when it found Appellant to be exempt under the FLSA, given that Appellant alleged that he did not receive $684 per week and the District Court made improper factual determinations and failed to analyze the applicable elements required to prove whether any exemption existed, essentially relieving Appellee of its burden to establish an exemption exists by a preponderance of evidence?

a. Whether District Court erred when it found Appellant's offer letter established by a preponderance of evidence that Appellant made at least $684 per week during the relevant period [July 2022 to present], given that Appellant alleges he did not receive any compensation during the relevant period and no evidence of his actual pay (i.e. pay stubs) was produced?

b. Whether the ultimate decision whether an employee is exempt from the FLSA is a question of law for the District Court to make factual determinations at the pleading stage without the employer establishing that an exemption exists by a preponderance of evidence or analyzing the elements for each exemption?

## STATEMENT OF THE CASE

Appellant filed this appeal after the District Court adopted the Magistrate's Report and Recommendation granting Appellee's 12(b)(6) Motion to Dismiss. ROA.768-769. After considering the pleadings, and applicable law, the Honorable District Court Judge adopted the findings of the Magistrate Judge who recommended dismissal of Appellant's FLSA violation claim because: (1) Appellant did not pled minimum wage violations because he complains about wages to "the tune of hundreds of thousands of dollars" as unpaid wages; and (2) The Magistrate Judge "had little trouble concluding Appellant was employed in a capacity which exempts him from the provisions of the FLSA." ROA.719-728, ROA.768-769.

On September 11, 2023, Appellant filed suit against the Appellee asserting claims for: (1) minimum wage violations under the Fair Labor Standards Act ("FLSA"); (2) breach of contract; (3) common law fraud and fraud in the inducement; and in the alternative (4) quantum meruit/unjust enrichment. ROA.9-

26. Appellant, initially, brought claims in the alternative under Delaware state laws. ROA.9-26.

On December 28, 2023, Plaintiff filed his Amended Complaint asserting claims under the Fair Labor Standards Act for failure to pay minimum wages. ROA.43-57.

On February 6, 2024, Appellee filed its first 12(b)(6) Motion to Dismiss. The parties fully briefed the first 12(b)(6) Motion and the lower court set it for an oral hearing on June 12, 2024. ROA.82-112.

On June 11, 2024, Appellant's counsel filed an unopposed Motion to Appear remotely at the June 12, 2024 hearing. ROA.191-194. On June 12, 2024, the Honorable Judge Mark Lane entered an Order denying the request to appear remotely and in the Order the Magistrate Judge took judicial notice of "Kennard Law Firm's reputation." ROA.195. The Magistrate Judge cited *Thomas v. United Airlines Inc.*, No. 4:21-cv-01301, 2023 U.S. Dist. LEXIS 164669, at *8 (S.D. Tex. 2023) ("the Court additionally FINDS that the Kennard Law Firm has also conceded that it initiated and maintained this lawsuit without any good-faith basis").[1] ROA.195.

---

[1] At that time *Thomas* was pending appeal in the 5th Circuit and was later reversed, vacated, and remanded *Kennard Law v. United Airlines*, No. 23-20430 (5th Cir. 2024). Nevertheless, the use of extrajudicial sources by the Honorable Magistrate Judge Mark Lane to taint Alfonso Kennard Jr. or the Kennard Law Firm's reputation was and is not relevant to Appellant's claims and only creates an inference of bias by the Magistrate Judge. A judge is disqualified for bias or prejudice only where bias comes from an extrajudicial source and results in an opinion based on something

Appellant's counsel subsequently filed a letter to the Honorable Judge Mark Lane regarding his citing of the *Thomas* case and taking "judicial notice of the Firm's reputation." ROA.196-197. The *Thomas* case was reversed and vacated by the Fifth Circuit, but the use of extrajudicial sources create doubts concerning the Honorable Judge Mark Lane's impartiality.

On June 12, 2024, the Magistrate Judge held an oral hearing on Appellee's first 12(b)(6) motion. ROA.22. At the oral hearing, the Magistrate Judge made several inferences regarding the need for discovery as to Appellant's FLSA claim:

> THE COURT: Is that Wells? So Wells never -- Mr. Korn, he never got over the hundred, whatever the exempt amount is for FLSA. He only got paid much less than that. ROA.802.
>
> MR. KORN: On an annualized basis, he got paid at that higher rate, but over a year, you're correct, no. But you invited the one point I was really looking forward to making, which is the standard is not paid. The standard is earned. So he contends he earned 250 a year, which makes him a highly compensated

---

besides what the judge learned in the case at hand. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible. Here, the Magistrate Judge's opinion of Alfonso Kennard Jr. and the Kennard Law Firm's reputation based on extrajudicial sources demonstrate a high degree of antagonism, which apparently makes fair judgment impossible because the Magistrate Judge made clear manifest error of law and fact in the Report & Recommendation. In the absence of actual bias, recusal may also be justified by the appearance of impartiality. Under the broader, catch-all § 455(a) provision, the inquiry is 'whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality. The Magistrate Judge's consistent impartiality, use of extrajudicial sources, and attacks against Alfonso Kennard and the Kennard Law Firm taint the Report and Recommendations with implicit biases and raises doubts concerning the Magistrate Judge's impartiality.

employee and that's -- Mr. Hodges is going to be right if -- and I think it's circular reasoning, but if they're not paid the high compensation that that destroys the exemption, then at least at the pleadings stage, we have to get into the summary judgment. But he would survive a dismissal if the exemption is destroyed by not paying. ROA.802.

THE COURT: Well, just all the variables there that you gave me then, it sounds like if he's got a well-pled complaint, this is -- you should be moving forward on that, allowed discovery and figure out which way -- which is it? Did he earn it or not? ROA.803.

THE COURT: Well, it does sound like there's some factual discovery that's going to need to take place and I'll go back. We'll go through some more of this. The complaint as it's currently crafted got problems and I've touched on one or two of them. Let's keep moving on. ROA.805.

In sum, the Magistrate indicated that he intended to grant the 12(b)(6) motion in its entirety, but gave Appellant the opportunity for leave to file a Second Amended Complaint to cure any deficiencies under Rule 8 and Rule 9(b). ROA.330-333.

On July 9, 2024, Appellant's Second Amended Complaint was filed with the Court. ROA.458-580. On July 10, 2024, the lower court entered an Order mooting Appellee's first 12(b)(6) motion. ROA.5.

On July 24, 2024, Appellee filed its second 12(b)(6) motion. ROA.581-600. Appellee asked the lower court to dismiss all Appellant's claims: (1) minimum wage violations under the Fair Labor Standards Act ("FLSA"); (2) breach of contract; (3) common law fraud and fraud in the inducement; and in the alternative (4) quantum meruit/unjust enrichment. ROA.581-600.

On November 15, 2024, the Honorable Magistrate Judge Mark Lane recommended the dismissal of Plaintiff's FLSA violation claims with prejudice and dismissed Plaintiff's remaining state law claims without prejudice. ROA.719-728. In the Report and Recommendation, the Magistrate Judge erroneously recommended dismissal of Appellant's FLSA minimum wage violation claim by citing to improper case law, making improper factual determinations, and misapplying summary judgment standards at the pleading stage. ROA.719-728.

Specifically, the Magistrate Judge recommended dismissal because: (1) Appellant did not plead a minimum wage claim under the FLSA; and (2) Appellant is exempt, which "is buttressed by Wells's allegations, which the court takes as true that he was to be employed with an annual salary of $250,000 paid biweekly. That salary is well above the minimum wage." ROA.721-725. In its analysis, the lower court improperly analyzed numerous cases in making its decision: (i) *Christopher v. SmithKline Beecham Corp.,* 567 U.S. 142 (2012) (Supreme Court found, on summary judgment standards, an exemption of outside salesmen from its minimum wage and maximum hours requirements); (ii) *Miller v. Infinite Percent Partners,* 2021 U.S. Dist. LEXIS 114026, at *4–7 (N.D. Cal. June 17, 2021) (dismissed on 12(b)(6) because the plaintiff did not even attempt to allege that she was a nonexempt employee and alleged she was paid $5,000 during the relevant period, above FLSA minimum wages); (iii) *See Dewan v. M-I,* 858 F.3d 331, 334 (5th Cir.

2017)(analyzed the administrative exemption test on summary judgment standards); (iv) *Fraser v. Patrick O'Connor & Assocs.*, 954 F.3d 742, 745 (5th Cir. 2020)(affirming property-tax-consultant employees are not administratively exempt after an appeal of a final judgment against the employer); (v) *Villa v. Waters*, 2009 WL 1650482, at *1–2 (W.D. Tex. June 11, 2009) (FLSA claims dismissed because the plaintiff alleged she was not paid for a two-hour window, but alleged she was paid $12.50 hour for the remaining time, which was twice the minimum wage); *Abatement v. Williams*, 324 S.W.3d 858, 865 (Tex. App.— Houston [14th Dist.] 2010, pet. denied)(dismissing breach of contract claim against the individual defendant because the plaintiff referenced Chapter 61's definition of "employer," to bring claim against individual). ROA.721-725.

Without any discovery or analysis regarding each element of any exemption, the Magistrate Judge erroneously found that Appellant was an exempt employee under the FLSA. ROA.721-725. Furthermore, the Magistrate Judge did not take facts liberally in Appellant's favor and made factual determinations that Appellant's does not plead minimum wage violations, when Appellant explicitly alleges minimum wage violations in the Second Amended Complaint. ROA.459, ROA.473-476. Instead, the lower court made several determinations that, without discovery, Appellant is only seeking unpaid contractual wages in this lawsuit. ROA.721-725. However, it is clear from the Complaint that Appellant explicitly alleges he seeks

damages for breach of contract **above and beyond the FLSA's recovery of unpaid minimum wages**. ROA.459, ROA.473-476.

On November 18, 2024, Appellant filed his Objections to the Report and Recommendation. ROA.729-742. The parties disputed as to whether Appellant could file a Reply in Support of his Objections, which the lower court granted Appellant's Motion for Leave to file its Reply. ROA.752-769.

On January 24, 2025 the District Court adopted the report and recommendation of the Magistrate opined:

"Accordingly, the Court ORDERS that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 48), is ADOPTED." ROA.768-769.

"IT IS FURTHER ORDERED that Defendant's motion to dismiss, (Dkt. 36), is GRANTED in part. Plaintiff's FLSA claim is DISMISSED with prejudice and his remaining claims are DISMISSED without prejudice." ROA.768-769.

Appellant now files this Appeal respectfully requesting this Court **REMAND** this Case back to the District Court and **REVERSE & VACATE** the Dismissal Order because the District Court erred in adopting the Magistrate's Report and Recommendation granting the 12(b)(6) Motion to Dismiss.

## STATEMENT OF FACTS

On March 9, 2022, Appellant, Carl Wells began to work for Appellee, Lottery.com as the Vice President of IT. ROA.460, ROA.485-490. Appellant signed an Employment Agreement, which contained numerous clauses, including a clause that stated in part:

Lottery.com shall pay those reasonable expenses, approved in advance by Lottery.com, to relocate you and your immediate family members to the Austin, Texas area, including the expenses associated with the packing, loading, and transportation of your household goods, possessions and not more than two (2) vehicles; provided, however, you shall be required to provide Lottery.com with three (3) vendor quotes from companies not affiliated with you for such service; provided, further, however, Lottery.com reserves the right to obtain an additional quote or quotes and select a vendor or vendors of its choosing and to pay such vendor or vendors directly. Such relocation has been considered and agreed by you in connection with this offer letter. ROA.487.

Appellant relocated from Houston, Texas based on conversations with then CFO, Ryan Dickenson, CEO, Anthony DiMatteo, COO/CLO, Katie Lever who all requested that he relocate to their main office in Spicewood, Texas to help facilitate and oversee the build out of their new corporate office which was to be located in Austin, Texas. ROA.461-473.

As the Vice President of IT, Appellant was tasked with numerous duties including, but not limited to: developing and implementing all IT strategies, ensuring the organization's data and systems are secure and comply with relevant regulations and standards, overseeing the administration of Google Workspace with other enterprise systems and applications, managing user accounts, access permissions, and identity management to ensure that the right people have the right access to resources, implementing policies and procedures for data storage, backup, and recovery to ensure data integrity and availability, establishing and managing IT support services to address user issues, troubleshoot problems, and ensuring continuous availability of services. ROA.461-473.

When financial issues arose with the company in the summer of 2022, neither the CEO, CFO, COO/CLO ever suggested that the Appellant rescind his offer on the home that he purchased, even though all three knew, based on conversations with them, that he was closing on his home in November of 2022. ROA.461-473. Appellant was never reimbursed according to the Employment Agreement nor has Lottery.com paid Appellant's reasonable expenses associated with moving after he accepted the offer and began employment with Lottery.com. ROA.461-473.

Appellant was offered a salary of $250,000 in the Employment Agreement. ROA.461-473, ROA.485-489 . Appellant received regular pay roll from March 9, 2022 to July 8, 2022, and his last date of full payroll was July 8, 2022. ROA.461-473. Since that date Plaintiff has continued to be employed by Defendant and continued to complete work for Defendant regularly on a weekly basis. ROA.461-473.

Between May 27, 2022 and July 6, 2022, Appellant provided IT related services in an internal investigation along with his regular duties as VP of IT. ROA.461-473. From the start of his employment and though December of 2022, Appellant used his personal Credit Card to pay IT related expenses with prior authorization of the CFO Ryan Dickinson and with reaffirmed authorization of CLO/COO Katie Lever as the company's AMEX card was cancelled. ROA.461-473. Appellant was given notice that the "company couldn't get a new one (credit

card) just yet because they were a gaming company and it was hard for a gaming company to get a credit card." ROA.461-473. With the understanding that reimbursements would be up and running soon, Appellant and Ryan Peterson paid for all of the company's IT related expenses moving forward through December of 2022. ROA.461-473.

On July 29, 2022, Appellee made a furlough announcement for "certain employees." Other employees, including Appellant, were asked to continue work full-time and **were not** furloughed: (1) Carl Wells; (2) Greg Potts; (3) Brandon Marsh; (4) Trevor Selle; and (5) Ryan Peterson, (6) Amy Lawrence, (7) Andrew Grossman, (8) Chris Kohler, (9) John Bluher. ROA.461-473. These individuals were labeled as "integral" to maintaining Lottery.com services. ROA.461-473.

From July 2022 to present, Appellant alleges representatives for Appellee made false representations to induce Appellant and others to continue work. ROA.461-473. Appellant identified the who, what, when, and why statements were fraudulent and how they induced Appellant to continued to perform under the Employment Agreement and newly created unilateral contracts based on his performance:

**WHO**:

1. **Katie Lever** – CLO/COO, Apparent Authority;
2. **Ryan Dickinson** – CFO, Apparent Authority;
3. **Richard Kivel** – Chairman of the Board, Actual Authority;
4. **Dennis Ruggeri** – CCO, Apparent Authority;

5. **Matt McGahan** – CEO/Chairman of Board/Director of Board, Actual Authority;
6. **Sohail Quraeshi** – CEO, Apparent Authority;
7. **Amar Ali** – CLO, Apparent Authority;
8. **Harry Dhaliwal** – CFO, Apparent Authority;
9. **Robert Stubblefield** – CFO, Apparent Authority

**WHAT/WHEN**:

1. "**the furlough was not applicable to Plaintiff**" (Katie Lever, CLO July 23, 2022) – Appellant alleges that this representation was false and made with the intention to induce Appellant to continue to work under the Employment Agreement and newly formed unilateral contracts, but Appellee had no intentions to continue compensating Appellant but told him he was not furloughed to continue to perform work; knowing it was not going to compensate Appellant. Appellee's Q1 Form 10-Q continues to calculate Appellant's bi-weekly salary as General and Administrative expenses, even to this day, to make it appear that Appellant was or is being compensated in his position as EVP of Product, when he has not received compensation since July 8, 2022. ROA.477-480, ROA.496-579.

2. "**Plaintiff would be fully reimbursed for all out-of-pocket expenses**" and "**company couldn't get a new one (credit card) just yet because they were a gaming company and it was hard for a gaming company to get a credit card**" (Ryan Dickinson, CEO March 29, 2022, and May 27, 2022) – Appellant alleges that this statement of future action was false because Appellee had no intentions of compensating Appellant. Instead, Appellee stated they could not get a new credit card because it was hard for a gaming company, yet Appellee never intended to seek a new credit card or pay Appellant's out-of-pocket expenses. Appellant detrimentally relied on the false representations that he would be reimbursed, which caused him incur $34,231.84 in unreimbursed credit card charge plus an additional $22,768.59 in credit card interest. ROA.477-480, ROA.496-579.

3. "**Lottery.com was working to reimburse Plaintiff for the expenses that were not paid since May 6, 2022, but Lottery.com was waiting on confirmation of cash in the bank and a "cursory audit" of the financials**" (Richard Kivel Chairman of Board, & Harry Dhaliwal, CFO July 6, 2022) – Appellant alleges that this statement of future action was false because Appellee had no intentions of compensating Appellant because Appellee was not waiting on cash in the bank or a "cursory audit" of the financials. Appellee

misled Appellant believe Appellee was waiting on "cash" and a "cursory audit," implying payroll was incoming, yet never paid any of Appellant's expenses. Appellant alleges he detrimentally relied on the false representations that he would be reimbursed, which caused him incur $34,231.84 in unreimbursed credit card charge plus an additional $22,768.59 in credit card interest based on the representations. ROA.477-480, ROA.496-579.

4. **"The Company acknowledges its monetary debt to you and is working to springboard funding in order to pay it down. Unfortunately, paying down said debt is connected to the Company's continuing ability to revitalize itself, which it won't be able to do if it fails to fulfill the SEC subpoena. Your help with this matter would be greatly appreciated"** (Dennis Ruggeri, CCO December 14, 2022) – Appellant alleges this statement was false because Appellee was not working to "springboard funding" and the statement was made with the intent to induce Appellant to continue to perform work under the employment agreement and newly formed unilateral contracts, with no intention to compensate Appellant or make good on all moneys owed. Appellant alleges he detrimentally relied on these statements to continue to perform work with the expectation that Appellee would honor its debt with Appellant, which caused Appellant to suffer damages. ROA.477-480, ROA.496-579.

5. **"The company acknowledges that back pay is owed to various members of the team who were not furloughed properly, or subsequently asked to do work after furlough. When the company resolves its current state of insolvency it will honor those debts and make good on all of the final calculation of all moneys owed once the audit is complete"** (Matt McGahan, CEO, Chairman of Board, March 29, 2023) – Plaintiff alleges this statement of future action was false because at the time it was made Defendant had no intentions to compensate Plaintiff or "honor all debts … once the audit is complete." The statement was made with the intent to induce Plaintiff to continue to perform work with no intention to compensate Plaintiff or make good on all moneys owed. Plaintiff alleges he detrimentally relied on these statements to continue to perform work with the expectation that Defendant would honor its debt with Plaintiff, which caused Plaintiff to suffer damages. ROA.477-480, ROA.496-579.

6. **"Lottery was waiting on Woodford Eurasia to put the $2.5 million in the**

**bank and everyone would get caught back up and Lottery would be able to start moving the company forward again**" (Sohail Quraeshi, CEO October 11, 12, 2022) – Appellant alleges this statement was false because Appellee was not waiting for Woodford to put $2.5 million in the bank and had no intentions to get "everyone caught up." Appellant has alleged that Appellee's board had direct connections with Woodford Eurasia and that these statements were grossly misrepresented. ROA.466. Appellant alleges he detrimentally relied on these statements to continue to perform work with the expectation that Appellee would honor its debt with Appellant, which caused Appellant to suffer damages. ROA.477-480, ROA.496-579.

7. "**Complete work in return for payroll starting back up and reimbursements being paid out**" (Amar Ali, CLO March – July 2023) – Appellant alleges that this statement was false because even if Appellant completed work under the employment agreement or newly formed unilateral agreements; Appellee never intended to start payroll back up, fully compensate Appellant, or pay reimbursements. Appellant alleges he detrimentally relied on these statements to continue to perform work under these agreements with the expectation that Appellee would honor its debt with Appellant, which caused Appellant to suffer damages. ROA.477-480, ROA.496-579.

8. "**Once the company gets funding from UCIL or another outside investor then everyone will get paid. Were just waiting for the S1 to be finalized**" (Robert Stubblefield, CFO June 6, 2024) – Appellant alleges this statement was false because Appellee knew it was not receiving funding from UCIL or any outside investor that would get Appellant paid. Appellee made this statement to Appellant to induce Appellant to continue to work with no intentions of compensating Appellant. Appellant alleges he detrimentally relied on these statements to continue to perform work with the expectation that Appellee would honor its debt with Appellant, which caused Appellant to suffer damages. ROA.477-480, ROA.496-579.

**WHERE**:

1. **Katie Lever** – email on July 23, 2022 + verbal communications in July/August;
2. **Ryan Dickinson** – email communication and verbal on March 29 2022, and May 27, 2022;

3. **Richard Kivel** – email statement on July 6, 2022;
4. **Dennis Ruggeri** – email statement on December 14, 2022
5. **Matt McGahan** – email statement on March 29, 2023 + verbal communications in March 2023;
6. **Sohail Quraeshi** – email statement and verbal on October 11, 12, 2022;
7. **Amar Ali** – multiple emails from March 2023 – July 2023;
8. **Harry Dhaliwal** – email statement on July 6, 2022;
9. **Robert Stubblefield** – email statement on June 6, 2024

ROA.477-480, ROA.496-579.

**WHY:**

Appellant has alleged "why" these statements were made because Appellee had not compensated Appellant to date, and never intended to do so when Appellee asked Appellee to continue to working in July 2022. The statements were made to induce Plaintiff to remain employed and to continue work for Lottery.com, Plaintiff that he was not furloughed in July. ROA.477-480.

Appellant alleges that he was not paid minimum wages for working full-time daily and each week for the following pay periods: 7/22/2022, 8/5/2022, 8/19/2022, 9/2/2022, 9/16/2022, 9/30/2022, 10/14/2022, 10/28/2022, 11/11/2022, 11/25/2022, 12/9/2022, 12/23/2022, 1/6/2023, 1/20/2023, 2/3/2023, 2/17/2023, 3/3/2023, 3/17/2023, 3/31/2023, 4/14/2023, 4/28/2023, 5/12/2023, 5/26/2023, 6/9/2023, 6/23/2023, 7/7/2023, 7/21/2023, 8/4/2023, 8/18/2023, 9/1/2023, 9/15/2023, 9/29/2023, 10/13/2023, 10/27/2023, 11/10/2023, 11/24/2023, 12/8/2023, 12/22/2023, 12/31/2023, 1/5/2024, 1/19/2024, 2/2/2024, 2/16/2024, 3/1/2024, 3/15/2024, 3/29/2024, 4/12/2024, 4/26/2024, 5/10/2024, 5/24/2024, 6/7/2024,

6/21/2024. ROA.471-472, ROA.486-489.

Appellant is a full-time employee and each pay period consists of two weeks (avg. 40 hours per week). ROA.471-472, ROA.486-489. Appellant alleges that he completed work on each day for each week during the relevant period. ROA.471-474, ROA.486-489. Appellant has kept a log of all the work and hours completed after July 8, 2022. ROA.471-472, ROA.486-489, ROA.796. Appellant alleges he completed work daily during the relevant period and can ascertain the particular number of hours he worked each week, during the relevant period, for which he was not paid. ROA.471-472, ROA.486-489, ROA.796.

According to Appellant's Employment Agreement at his offered salary Appellant should have been compensated $554,364.13 in unpaid contracted wages [during the relevant period], $15,710.00 in closing/relocation costs, $34,231.85 un-reimbursed credit card charges, and $22,768.59 interest accrued on the un-reimbursed credit card charges. ROA.470-472, ROA.486-489. According to the FLSA, Appellant should have been compensated at least minimum wages ($7.25) for each hour worked during the relevant period. ROA.459, ROA.471-475.

As of July 8, 2022, Appellant lost any exemption status under the FLSA because he was NOT compensated at least $684 per week during the relevant period. ROA.471-475. Appellant filed this lawsuit, in part, under 29 U.S.C. § 206(a) based on Appellee's failure to pay minimum wages. ROA.459, ROA.471-476.

Lottery.com's practices of failing to pay its nonexempt employees minimum wages for each hour worked violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. <u>ROA.459, ROA.471-475</u>.

## STANDARD OF REVIEW

The standard of review in this case is *de novo. Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). A dismissal will not be affirmed if the allegations support relief on any possible theory. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992).

## SUMMARY OF ARGUMENT

Appellant filed his Second Amended Complaint, in part, under the FLSA alleging minimum wage violations. 29 U.S.C. § 201 et seq. <u>ROA.458-580</u>. Appellant additionally brought three (3) state law claims: (i) breach of contract; (ii) common law fraud and fraud in the inducement; and (iii) alternative quantum meruit/unjust enrichment claims. The lower court dismissed the state law claims without prejudice and declined to exercise supplemental jurisdiction because it disposed of the only claim that gave it jurisdiction. 28 U.S.C. § 1367(c)(2)-(3). Therefore, this appeal will only address the lower court's decision to dismiss Appellant's FLSA claim with prejudice.

The trial court erred when it granted Appellee's 12(b)(6) Motion to Dismiss and dismissed Appellant's FLSA minimum wage violation claim with prejudice, by citing to wrong case law, making improper factual determinations, and misapplying summary judgment standards at the pleading stage.

Specifically, the District Court erred when it dismissed Appellant's FLSA claim when it found that "Appellant does not complain about unpaid minimum wages or unpaid overtime compensation and has not pleaded a minimum wage claim (overtime wage claim) under the FLSA." The District Court failed to examine the complaint to determine whether the Appellant's allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994). The Second Amended Complaint explicitly states that the case is brought based on Appellee's failure to pay minimum wages. Furthermore, Appellant distinguishes his contractual damages with his FLSA damages by demanding damages for breach of contract above and beyond the FLSA's recovery of unpaid minimum and overtime wages.

The District Court erred when it found that Appellant was exempt under the FLSA. The Report and Recommendation nor did Appellee specify which exemption applied to the facts. The lower court recognized that Appellant alleged in the Second Amended Complaint that he was nonexempt and "received 'no compensation,' which is $684 less than what he is required to be compensated to be considered exempt under the FLSA" However, the lower court made factual determinations

22

liberally in favor of Appellee when it found "The undersigned has little trouble concluding Wells was employed in a capacity which exempts him from the provisions of the FLSA;" and "The conclusion that Wells was (or is) exempt is buttressed by Wells's allegations, which the court takes as true that he was to be employed with an annual salary of $250,000 paid biweekly...That salary is well above the minimum wage."

First, by concluding Appellant was exempt the lower court eliminated Appellee's burden to establish that an exemption exists by a preponderance of evidence. There are primarily five (5) categories of exemptions under the FLSA: professional, administrative, executive, computer, and outside sales. It is unclear, at this stage, which exemption Appellee has proven by a preponderance of evidence that the lower court found applicable. Each exemption has its own test to determine whether an employee is exempt. The District Court cited *Dewan* to erroneously conclude Appellant was exempt from the FLSA without analyzing the facts to determine whether any exemption was proven by a preponderance of evidence. *See Dewan v. M-I*, 858 F.3d 331, 334 (5th Cir. 2017)(analyzed the administrative exemption test on summary judgment standards); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990).

Second, by concluding that the exemption salary test ($684 per week) was met based on Appellant's allegations of an annual salary above minimum wage

eliminated Appellee's burden of proving Appellant was **actually paid** at least $684 per week during the relevant period. The lower court acknowledged that Appellant alleged that he did not receive at least $684 per week during the relevant period but made improper factual determinations in Appellee's favor that Appellant met the exemption salary test. Appellee did not attach any pay records or checks that would prove by a preponderance of evidence that the exemption salary test was met during the relevant period. The only evidence the lower court reviewed was the Employment Agreement's salary and not any evidence of **actual payment**. The lower court essentially opined that a salary offer is enough to prove by a preponderance of evidence that the exemption salary test was met without the need to review **actual** pay records. The ripple effect of this type of ruling would now allow any business to hire multiple employees, assign and label them with professional, administrative, or executive functions, offer them a high salary and not pay them any wages without having to prove by a preponderance of evidence that the employees were **actually** paid. <u>A ripple effect of free labor without federal repercussions</u>.

The District Court did not limit itself to determining whether the Second Amended Complaint gave Appellee fair notice of violations of federal law. Instead, the District Court erred when it made several determinations that, without discovery, Appellant was exempt (which could only be uncovered through discovery) and that

Appellant is not seeking minimum wage violations. The District Court erred by citing multiple cases that evaluate these claims under a <u>summary judgment standard</u>. The District Court cited: (i) ) *Christopher v. SmithKline Beecham Corp.,* 567 U.S. 142 (2012) (Supreme Court found, on summary judgment standards, an exemption of outside salesmen from its minimum wage and maximum hours requirements); (ii) *Miller v. Infinite Percent Partners,* 2021 U.S. Dist. LEXIS 114026, at *4–7 (N.D. Cal. June 17, 2021) (dismissed on 12(b)(6) because the plaintiff did not even attempt to allege that she was a nonexempt employee and alleged she was paid $5,000 during the relevant period, above FLSA minimum wages); (iii) *See Dewan v. M-I,* 858 F.3d 331, 334 (5th Cir. 2017)(analyzed the administrative exemption test on summary judgment standards); (iv) *Fraser v. Patrick O'Connor & Assocs.*, 954 F.3d 742, 745 (5th Cir. 2020)(affirming property-tax-consultant employees are not administratively exempt after an appeal of a final judgment against the employer); (v) *Villa v. Waters*, 2009 WL 1650482, at *1–2 (W.D. Tex. June 11, 2009) (FLSA claims dismissed because the plaintiff alleged she was not paid for a two-hour window, but alleged she was paid $12.50 hour for the remaining time, which was twice the minimum wage); *Abatement v. Williams*, 324 S.W.3d 858, 865 (Tex. App.— Houston [14th Dist.] 2010, pet. denied)(dismissing breach of contract claim against the individual defendant because the plaintiff referenced Chapter 61's definition of "employer," to bring claim against individual).

In so holding, the District Court required a greater specificity of pleading from Appellant than is required under applicable authority and confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary requirement applicable to a Rule 56 Motion for Summary Judgment. Therefore, Appellant alleges that the District Court erred in dismissing his FLSA minimum wage violation claim because Appellant pleaded sufficient facts that he is seeking minimum wage damages for the full-time hours he worked during the relevant period and that he was a nonexempt employee during the relevant period. Appellant's causes of action should be reinstated, and the District Court's Order of Dismissal must be **VACATED, REVERSED, and REMANDED for further proceedings**.

## <u>ARGUMENT</u>

**I.** **<u>THE DISTRICT COURT ERRED IN FINDING APPELLANT FAILED TO STATE A MINIMUM WAGE VIOLATION CLAIM UNDER THE FLSA.</u>**

**A.** **Appellant's plausibly pled a claim of minimum wage violation under the FLSA and seeks minimum wage damages and contractual damages above and beyond the FLSA's recovery of unpaid minimum and overtime wages**.

We respectfully believe the District Court erred by holding Appellant to an improperly high pleading standard and confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary

requirement applicable to a Rule 56 Motion for Summary Judgment. The 5th Circuit has held dismissal for failure to state claim upon which relief may be granted will not be affirmed if allegations support relief on any possible theory. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994).

The Second Amended Complaint explicitly states: "This case is brought under 29 U.S.C. § 206(a) based on Defendant's failure to pay minimum wages;" "Defendant's actions violate federal minimum wage laws;" "Between July 22, 2022 and present Defendant has failed to pay Plaintiff minimum wages as required under the FLSA;" "Plaintiff's claim for breach of the employment agreement, does not seek unpaid minimum wages or unpaid overtime compensation, and is not preempted by the FLSA because Plaintiff seeks damages for breach of contract above and beyond the FLSA's recovery of unpaid minimum and overtime wages." ROA.459, 471-476. Appellant's explicit allegations support relief based on violations of federal minimum wage laws. *Id*. It is undisputed that Appellant is covered by the FLSA on an individual basis because he engaged in interstate or foreign commerce. ROA.473.

Even though Appellant explicitly stated his claims are based on violations of federal minimum wage laws, the lower court found that Appellant did not pled minimum wage violations because it found Appellant is seeking unpaid wages "to

the tune of hundreds of thousands of dollars of allegedly unpaid salary and bonuses." The lower court based that inference on Appellant's Second Amended Complaint stating, "As a result of Defendant's failure to pay full regular pay, Plaintiff was damaged in an amount to be proved at trial;" and "Plaintiff respectfully demand that he be paid full regular pay compensation as required by the FLSA." ROA.471-475.

However, the theory that Appellant is seeking full regular pay compensation under the FLSA is contradicted by Appellant's own allegations under the breach of contract claim that Appellant seeks damages for breach of contract above and beyond the FLSA's recovery of unpaid minimum and overtime wages, including but not limited to, contracted wages, reasonable moving costs, and reimbursements. ROA.476. It can be inferred that the full regular pay compensation Appellant seeks is under a contract theory, which includes contracted wages, reimbursements, and moving costs. *Id.* The fact that Appellant seeks contract damages in addition to FLSA minimum wages does not foreclose his opportunity to seek minimum wages under the FLSA. *Karna v. BP Corp. North America, Inc.*, 11 F. Supp. 3d 809 (S.D. Tex. 2014)(finding breach of contract claim not preempted because it was independent of the FLSA).

In the Second Amended Complaint, Appellant cites the FLSA Fact Sheet #70 which provides instructions to employers regarding paying *exempt* furloughed employees. ROA.474-475. FLSA Fact Sheet #70 states, "An employer must pay an

exempt employee the full predetermined salary amount "free and clear" for any week in which the employee performs any work without regard to the number of days or hours worked." Compliance with FLSA Fact Sheet #70 is determined by Appellant's exemption status and mirrored after 29 C.F.R. § 541.602. Appellant has alleged that he was a nonexempt employee, therefore, the FLSA Fact Sheet #70 in itself does not negate the fact that Appellant is seeking compensation for minimum wage violations. The Fact Sheet was cited as guidance regarding the FLSA interpretation on exempt furloughed employees. Even with the inclusion of the Fact Sheet, Appellant's allegations that he was a nonexempt full-time employee who regularly worked each day during the relevant period and was not paid minimum wages support relief on the theory of federal minimum wage violations.

In the Report and Recommendation, to support the finding that Appellant did not plead minimum wage violations, the lower court cited two cases: (1) *Villa v. Waters*, 2009 WL 1650482, at *1–2 (W.D. Tex. June 11, 2009); and (2) *Abatement v. Williams*, 324 S.W.3d 858, 865 (Tex. App.— Houston [14th Dist.] 2010, pet. denied). Both cases are distinguishable from the facts in this case.

In *Villa*, the plaintiff filed FLSA claims alleging she was not paid for a two-hour window because she worked from 10:00 a.m. to 4:00 p.m., and she was not paid for time between 2:00 p.m. to 4:00 p.m. during the relevant period. *Villa v. Waters*, 2009 WL 1650482, at *1–2 (W.D. Tex. June 11, 2009). The District Court

found that her wages for the time between 10:00 a.m. to 2:00 p.m. at $12.50 per hour ($60.00/day) still exceeded minimum wages for the time between 10:00 a.m. to 4:00 p.m. at $5.15 [minimum wage] per hour ($30.90/day), therefore, the plaintiff had no basis for a claim under the FLSA for unpaid minimum wage. *Id.*

Here, Appellant is not seeking unpaid wages under the FLSA but is seeking to hold Appellee liable for failing to pay minimum wages during the relevant period. Appellant has alleged that during the relevant period he has regularly worked full-time each week and has kept track of all hours worked after July 8, 2022. Unlike *Villa*, Appellant did not receive any compensation that would exceed the minimum wages during the relevant time period. The Court should have accepted the fact that Appellant alleged he received no compensation during the relevant period as true and should have construed all reasonable inferences that Appellant is asserting a claim for federal minimum wage violations under the FLSA in the light most favorable to the Appellant. *See Villa* at 4 (the Court further found that Villa had not stated a claim under the FLSA because she did not name a proper defendant).

In *Abatement*, the Texas Appeals Court dismissed a breach of contract claim against the individual defendant because the plaintiff referenced Chapter 61's definition of "employer," to bring claim against individual. *Abatement v. Williams*, 324 S.W.3d 858, 865 (Tex. App.— Houston [14th Dist.] 2010, pet. denied). *Abatement* distinguishes the differences between the FLSA and Chapter 61 of the

Texas Labor Code. *Id.* ( FLSA provides a private cause of action for failure to pay minimum wages and overtime pay; unlike chapter 61, which does not provide a private cause of action for other failures to pay wages). Appellant does not bring any claims under Chapter 61 of the Texas Labor Code; therefore, the *Abatement* case is not relevant in deciding whether Appellant is alleging minimum wage violations under the FLSA.

The District Court erred when it adopted the findings in the Report and Recommendations that Appellant failed to pled minimum wage violations because Appellant is seeking unpaid wages. The lower court misanalysed two cases, *Villa* and *Abatement*, to support its findings; when both cases are clearly distinguishable. The lower court failed to construe all reasonable inferences that Appellant is seeking unpaid minimum wages under the FLSA in the light most favorable to the Appellant. Therefore, the District Court erred in granting the 12(b)(6) motion on Appellant's minimum wage violation claim under the FLSA. We respectfully ask this Court to **VACATE, REVERSE, AND REMAND** this case back to the District Court to allow discovery to uncover any fact questions not poised for a 12(b)(6) motion.

**B.     Appellant's plausibly pled facts that he worked a particular number of hours during the relevant period and was not paid minimum wages.**

The Fifth Circuit has made a handful of opinions regarding employers seeking dismissal of FLSA claims on a 12(b)(6) motion. In *White*, the Fifth Circuit found at

the pleading stage, it may be "premature" to rule that an FLSA exemption forecloses a plausibly stated § 207(a)(1) claim. *White v. U.S. Corr., LLC,* 996 F.3d 302, 310 (5th Cir. 2021). This is so, because "the 'determination as to whether an employee is exempt under the [FLSA] is primarily a question of fact' typically better suited for summary judgment." *Id*. (quoting *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990)). The *White* case is controlling and referenced in the Report and Recommendation. As explained below, the lower court disregarded *White*'s holding by making improper factual determinations, on a 12(b)(6) motion, that Appellant was an exempt employee, which is better suited for summary judgment.

In *Wright,* the Fifth Circuit found that the employees allegations were insufficient to state a FLSA claim because she did not allege facts that support a plausible inference that she worked a particular number of hours and was not paid or underpaid. *Wright v. Arlington Indep. Sch. Dist*., 834 F. App'x 897, 903-04 (5th Cir. 2020). Appellee nor the lower court referenced the *Wright* case and analyzed whether it is applicable to this case. Given that this appeal is reviewed *de novo*, and out of an abundance of caution, Appellant asserts for the first time that the *Wright* case is distinguishable because Appellant plausibly alleges facts that he worked a particular number of hours during the relevant period and was not paid minimum wages. In *Wright*, the employee alleged her employer did not pay her the correct wages; not minimum wages. *Id*. at 904. Here, Appellant alleges that he was a full-

time employee that worked regularly each day during the relevant period. Appellant alleges that he has a log/record of all time and work he has completed during the relevant period and it would be further uncovered through discovery. If the lower court would have cited *Wright* or required Appellant to produce facts regarding the particular number of hours each week; Appellant would have amended his Complaint accordingly. *Dunbar v. Seger–Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010)(the 5th Circuit will not entertain issues not raised in or decided by the district court absent extraordinary circumstances); *see also City of Waco, Tex. v. Bridges*, 710 F.2d 220, 227 (5th Cir.1983). Extraordinary circumstances do not exist because this issue involves some underlying facts regarding Appellant's full-time status, a miscarriage of justice would more likely result if this Court were to engage in appellate fact-finding similar to the lower court.

Appellant has alleged that he has performed work each week during the relevant period. Appellant alleges he was a full-time employee during the relevant period. Appellant alleges that he worked full-time for fifty-three (53) pay periods or one-hundred and six (106) weeks and was not paid minimum wages. Appellant was owed at least $580 per pay period based on his full-time status (80 hours x $7.25). Accordingly, based on Appellant's full-time status he would be owed $30,740 in minimum wages during the relevant period (53 pay periods x $580). Accepting these allegations as true, it can be reasonably inferred that Appellant worked a particular

number of regular hours (full-time/40 hours) during the relevant period, which he alleges he received no payment. There is a plausible inference that Appellant worked a particular number of hours during the relevant for which he was not paid, unlike *Wright* where it was unclear whether the employee was not paid or was underpaid for a particular number of hours. *Id*. at 904.

The lower court failed to consider this issue, but even if it did the *Wright* case is still distinguishable because Appellant gave fair notice of the relevant period and that he completed full-time work regularly. The lower court failed to construe all reasonable inferences that Appellant is seeking unpaid minimum wages for all hours worked during the relevant period. Therefore, the District Court erred in granting the 12(b)(6) motion on Appellant's minimum wage violation claim under the FLSA. We respectfully ask this Court to **VACATE, REVERSE, AND REMAND** this case back to the District Court to allow discovery to uncover the exact number of hours worked each week during the relevant period.

## II.    THE DISTRICT COURT ERRED IN FINDING APPELLANT WAS AN EXEMPT EMPLOYEE UNDER THE FLSA.

**A.    Appellant did not receive $684 per week during the relevant period and Appellee did not satisfy its burden to establish an exemption exists by a preponderance of evidence**.

In the Report and Recommendation, the lower court found "The conclusion that Wells was (or is) exempt is buttressed by Wells's allegations, which the court

takes as true that he was to be employed with an annual salary of $250,000 paid biweekly. That salary is well above the minimum wage." ROA.723. Throughout the Second Amended Complaint Appellant alleges that he was not paid any compensation during the relevant period and was a nonexempt employee. ROA.459, ROA.473-476. The only evidence referenced by the lower court was Appellant's Employment Agreement that stipulated Appellant's annual salary was $250,000. Appellee did not prove by a preponderance of evidence that Appellant was **actually paid** according to his salary or received any compensation during the relevant period.

Instead, Appellee cited *Miller v. Infinite Percent Partners*, for the proposition that "salary allegations like the one made by Plaintiff establish that the employee is exempt from the FLSA's minimum wage violations regardless of whether the employer paid the employee." ROA.586-587; *Miller v. Infinite Percent Partners LLC,* No. 20-CV-02253-HSG, 2021 WL 2474440, at *2-3 (N.D. Cal. June 17, 2021). The lower court agreed with Appellee's proposition and relieved Appellee of the obligation of having to prove Appellee **actually paid** Appellant. ROA.722-724.

A closer look at the *Miller* case will show material facts regarding the *Miller* Court's holding are omitted from the lower court's analysis in the Report and Recommendation, which makes the case distinguishable. The lower court found that Appellant's allegation that "he did not receive $684 per week during the relevant

period" is the same allegation that the plaintiff in *Miller* made that "exempt employees are still entitled to the benefits of the FLSA if they are paid no minimum wage for 3 months." *Miller* at 2. However, the *Miller* court found that the plaintiff did not even attempt to allege that she was a nonexempt employee. *Id*. The plaintiff in *Miller* alleged she was paid $5,000 on September 8, 2019 for work performed in August and the *Miller* Court found the $5,000 payment exceeded the federal minimum wage for an employee working full time for three months. *Id*. Therefore, the *Miller* case does not stand for the proposition that salary allegations automatically establish exemption regardless of whether the employer paid because the *Miller* Court took note of the FLSA exemption salary test.

Essentially, the District Court has adopted precedent that employers are no longer required to prove by a preponderance of evidence that employees were **actually paid** $684 per week as required by the FLSA. Employers can escape FLSA liability without compensating its employees by giving employees an offer letter with a proposed salary above-minimum wages. If the employee attempts to contest not receiving any wages; the employer can now prove the salary element of each exemption, by a preponderance of evidence, simply by producing an offer letter stipulating a salary above minimum wages. It is no longer necessary to review actual paystubs or pay records of the employee to determine whether the employee received $684 per week to be considered exempt. The lower court's failure to address this

relevant fact (compensation during the relevant period) in *Miller* creates a manifest error of law and fact that completely contradicts the purposes of the FLSA.

Recently, the Fifth Circuit confirmed that the Department of Labor's authority to "define and delimit" the FLSA Exemptions includes the authority, within limits, to impose a salary-level test to qualify for the exemption. *Mayfield v. DOL*, 117 F.4th 611, 619 (5th Cir. 2024). Accordingly, both the Secretary of Labor, the Supreme Court, as well the Fifth Circuit have observed that "employees are not to be deprived of the benefits of the [FLSA] simply because they are well paid." *Jewell Ridge Coal Corp. v. Local No. 6167*, 325 U.S. 161, 167, 65 S.Ct. 1063, 89 L.Ed. 1534 (1945). *See also Parrish v. Premier Directional Drilling*, 917 F.3d 369, 388 (5th Cir. 2019) (same); 69 Fed. Reg. 22,122-01 (2004). So earning a certain level of income is necessary, but insufficient on its own, to avoid the protections of the FLSA. *Hewitt v. Helix Energy Solutions Group, Inc*., 15 F.4th 289, 290-291 (5th Cir. 2021). The employee must also be paid on a salary basis, as well as perform certain duties and unless the salary tests are met, the employee is "not exempt ... *no matter how highly paid they might be*." *Id.*

§ 541.600 expressly stated to qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $684 per week." 29 C.F.R. § 541.609(a)(effective 1/1/20 – 6/30/24). So Appellant cannot be an exempt executive,

administrative or professional employee under § 541.600 because he alleges he did not receive $684 per week during the relevant period, which should have been taken as true. Therefore, the District Court erred when it found Appellee proved by a preponderance of evidence the salary basis exemption test was met based solely on the Employment Agreement because the Court disregarded well-pled facts that Appellant was not compensated during the relevant period and Appellee did not prove by a preponderance of evidence that Appellant was actually paid $684 per week contrary to his allegation. We respectfully ask this Court to **VACATE, REVERSE, AND REMAND** this case back to the District Court to allow discovery to uncover whether Appellant received any compensation during the relevant period.

**B.     The District Court made improper factual determinations and failed to take facts liberally in Appellant's favor at the pleading stage by making the ultimate decision that Appellant was exempt under the FLSA without analyzing any FLSA exemption test.**

The Report and Recommendation cites the U.S. Supreme Court case *Christopher* for the proposition that Appellant was or is an exempt employee under the FLSA. *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 166 (2012). In *Christopher*, the Supreme Court found an exemption of outside salesmen from its minimum wage and maximum hours requirements, which was premised on the belief that exempt employees typically earned salaries well above the minimum wage and enjoyed other benefits that set them apart from the nonexempt workers

entitled to overtime pay. *See Christopher* at 166-167. First, the issue in *Christopher* was decided on summary judgment standards, not 12(b)(6) pleading standards. Secondly, there is no claim that Appellant is exempt from the FLSA based on the outside salesman exemption; and the *Christopher* case does not analyze whether an employee can be considered exempt if he was offered a high salary, but paid no wages during the relevant period (less than $684 per week). Therefore, the case is irrelevant to the analysis as to whether Appellee has established by a preponderance of evidence that an exemption exists.

The District Court has essentially eliminated the exemption requirements under the FLSA and allowed employers a pathway to collect free labor. Any diligent attorney could pull this case and advise their client/employers that the *Lottery* case stipulates that employers do not need to compensate their "salaried" employees as long as the employees have an offer letter of a high salary and general duties. The Report and Recommendation is absent of an actual analysis of any exemption under the FLSA and automatically concludes that Appellant is an exempt employee based on the Second Amended Complaint. It is unclear which exemption applies to Appellant based on the allegation in his complaint. A closer look at each FLSA exemption; it is clear that Appellee has not established by a preponderance of evidence each element of **any** exemption, under the FLSA, to conclude that Appellant is an exempt employee based on the face of the Second

Amended Complaint:

| FLSA EXECUTIVE EXEMPTION ELEMENTS | WELLS' SAC |
|---|---|
| *(1) The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $684\* per week.* | Appellant alleges he received **no compensation** during the relevant period from July 2022 to present. Appellant was not paid his salary or any compensation during the relevant period. There is no evidence to contradict the fact that Appellant did not receive any compensation during the relevant period. Therefore, Appellee has not proved by a preponderance of evidence that Appellant was compensated on a salary basis not less than $684 per week. No executive exemption applies. |
| *(2) The employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "customarily managing the enterprise." The lower court uses the words "discretion" and "independent judgment," yet Appellant does not use these words in the SAC and only lists his general duties. The allegations do not conclusively establish Appellant primarily manages the enterprise. Therefore, Appellee has not proved by a preponderance of evidence that "customarily managing the enterprise." No executive exemption applies. |
| *(3) The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent;*<br><br>*AND* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "customarily and regularly directing the work of at least two or more other full-time employees or their equivalent." The lower court does not analyze this element and fails to take facts liberally in Appellant's favor and assumes that this element has been met without any facts or evidence. |
| *(4) The employee must have the authority to hire or fire other employees,* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "authority to hire or fire." The |

| | |
|---|---|
| *or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.* | R&R is replete of any analysis of each element of the executive exemption, yet it conclusively states that there is little trouble to conclude Wells was employed in a capacity that exempts him from the FLSA. Therefore, we ask the Court to reverse and vacate the lower court's conclusion that Appellant is exempt executive employee under the FLSA. |

| *FLSA ADMINSTRATIVE EXEMPTION ELEMENTS* | *WELLS' SAC* |
|---|---|
| *(1) The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $684* per week.* | Appellant alleges he received **no compensation** during the relevant period from July 2022 to present. Appellant was not paid his salary or any compensation during the relevant period. There is no evidence to contradict the fact that Appellant did not receive any compensation during the relevant period. Therefore, Appellee has not proved by a preponderance of evidence that Appellant was compensated on a salary basis not less than $684 per week. No administrative exemption applies. |
| *(2) The employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;*<br><br>*AND* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." Facts were not taken liberally in Appellant's favor and Appellee has not proved by a preponderance of evidence that this element was met. No administrative exemption applies. |

| | |
|---|---|
| *(3) The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "customarily managing the enterprise." The lower court uses the words "discretion" and "independent judgment," yet Appellant does not use these words in the SAC and only lists his general duties. The allegations do not conclusively establish Appellant primarily manages the enterprise. Therefore, Appellee has not proved by a preponderance of evidence that "customarily managing the enterprise." No administrative exemption applies. |
| ***FLSA PROFESSIONAL EXEMPTION ELEMENTS*** | *WELLS' SAC* |
| *(1) The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $684* per week.* | Appellant alleges he received **no compensation** during the relevant period from July 2022 to present. Appellant was not paid his salary or any compensation during the relevant period. There is no evidence to contradict the fact that Appellant did not receive any compensation during the relevant period. Therefore, Appellee has not proved by a preponderance of evidence that Appellant was compensated on a salary basis not less than $684 per week. No professional exemption applies. |
| *(2) The employee's primary duty must be the performance of work requiring advanced knowledge, defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment;* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "work requiring advanced knowledge, defined as work which is predominantly intellectual in character." The R&R uses the words "discretion" and "independent judgment," yet Appellant does not use these words in the SAC. Appellant only describes his duties in the SAC but it does not conclusively establish he primarily manages the enterprise. Therefore, Appellee has not proved by a preponderance of evidence that Appellant primary duty includes "work requiring advanced knowledge, defined as work which is predominantly intellectual |

| | in character. No professional exemption applies. |
|---|---|
| *(3) The advanced knowledge must be in a field of science or learning;* <br><br> *AND* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude the advanced knowledge is in a field of science or learning. The R&R does not take facts liberally in Appellant's favor and assumes that this element has been met without any facts or evidence. There is not an analysis as to whether this exemption applies. No professional exemption applies. |
| *(4) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.* | Appellant has alleged he was offered the Vice President of IT position. No discovery to conclude Appellant acquired this advanced knowledge by a prolonged course of specialized intellectual instruction." The R&R is replete of any analysis of each element of the professional exemption, yet it conclusively states that there is little trouble to conclude Wells was employed in a capacity that exempts him from the FLSA. What would be the point of the precedent that requires Appellee to establish by a preponderance of evidence the elements of each exemption, under the FLSA, if it did not matter whether each element was met to be considered exempt? Therefore, we ask the Court to reverse and vacate the lower court's conclusion that Appellant is exempt professional employee under the FLSA. |

Appellant has identified and analyzed each of the three (3) exemptions that were not raised in the R&R, but may be inferred to by the lower court. On the face of Appellant's complaint he alleges he was paid no compensation during the relevant period, yet the lower court found that it does not matter whether he was **actually** paid $684 per week or whether Appellee established each element of any

exemption by a preponderance of evidence. The lower court made improper factual determinations to conclude that Appellant was exempt under the FLSA. Appellee has not proven any exemption is applicable by a preponderance of evidence and Appellant's Employment Agreement is not enough to determine the actualities of Appellant's employment.

Rarely, are FLSA exemptions decided on a 12(b)(6) motion, but in this situation it is clear the lower court did not take facts liberally in the nonmovant's favor; and it even assumed facts that are not in evidence ("Wells does not complain about unpaid minimum wages but about the tune of hundreds of thousands of dollars… the Court takes true he was to be employed with an annual salary of $250,000). The District Court created favorable case law for employers under the FLSA, which essentially allows employers to escape FLSA liability by presenting an offer letter that purports to pay the employee more than minimum wages and some duties that appear to be executive, professional, or administrative. This is why the Fifth Circuit has held these types of factual determinations are premature. *White v. U.S. Corr., LLC,* 996 F.3d 302, 310 (5th Cir. 2021). The Honorable Judge Mark Lane, just months prior, followed the *White* precedent on similar issues by recommending the denial of a 12(b)(6) motion on a FLSA claim because the allegations did not conclusively establish an affirmative defense. *Garcia v. Pegaso*, *Energy Servs*., 1:23-CV-790-DII (W.D. Tex. Apr. 11, 2024). It is unclear why the

Honorable Magistrate Judge departed from the clear precedent in *White*, but it was after he took "judicial notice" of the Kennard Law firm. Nevertheless, the District Court erred by adopting the Report and Recommendation.

In light of the above, Appellee's 12(b)(6) Motion to Dismiss clearly should have been denied as to Appellant's FLSA minimum wage violation claim. Moreover, after receiving notice of Appellant's objections, and failing to modify the Report and Recommendations, the District Court made an error of law and fact by analyzing Appellant's burden using improper case law and improper fact determinations. The District Court relieved Appellee of its burden of establishing an exemption exists by a preponderance of evidence. At the very least, to the extent that the District Court was imposing the stricter pleading standard, it should have treated Appellee's Motion as a Motion for Summary Judgment, requested additional time for discovery (or evidence under Rule 56 to support the pleadings), and proceeded accordingly. The District Court's Order of Dismissal and Final Judgment on Appellant's FLSA minimum wage violation claim must be **VACATED, REVERSED, and REMANDED.**

## CONCLUSION

The District Court's holding created the most favorable case law for employers under the FLSA. Whether employees are actually paid $684 per week to

be considered exempt; is long in the past; and now employers have the opportunity to underline collect free labor without federal repercussions and without establishing each element of any FLSA exemption by a preponderance of evidence by citing the *Lottery* cases at the pleading stage. It is a new day where free labor is allowed and we respectfully ask this Court to review these issues to prevent these repercussions from becoming precedent. The holding is against the clear authority governing this case. Therefore, this Court should reverse the District Court's Order of Dismissal and Final Judgment entered by the District Court in favor of Defendant-Appellee. The specific reasons for dismissal, raised by the lower court, are fact-intensive inquiries that cannot be resolved at the pleading stage; therefore, Appellee's motions should have been **DENIED** to allow discovery to uncover evidence to support Appellant's burden of proof. Appellant respectfully asks the Court to **REVERSE** the district court's decision and remand with instructions to **VACATE the ORDER** [Dkt. 53] granting the Motion to Dismiss and **REINSTATE** all of Appellant's claims, including the state law claims dismissed without prejudice. For these reasons, the trial court did err in granting each Appellee's 12(b)(6) Motion to Dismiss.

## <u>P<small>RAYER</small></u>

WHEREFORE, premises considered, Appellant moves the Court to **<u>GRANT</u>** this appeal and **REVERSE, VACATE, AND REMAND** the trial court's order granting the Appellee's 12(b)(6) Motion to Dismiss.

Dated: March 5, 2025                    Respectfully Submitted,



  **_/s/ Eddie Hodges Jr._**____

**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal Bar ID 3479748
**Alfonso Kennard Jr.**
Texas Bar No. 24036888
S.D ID No. 713316
5120 Woodway Dr. Suite 10010
Houston, Texas 77057
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

As required by Tex. R. App. P. 9.4(i)(2)(B) and (3), I certify that the number of words in Appellant's Brief is 11,375 words. I relied on the computer program used to prepare the document for the word count.

_/s/ *Eddie Hodges Jr.*__
Eddie Hodges, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance, via the Court's electronic filing system, on March 5, 2025.

_/s/ *Eddie Hodges Jr.*__
Eddie Hodges, Jr.