No. 25-50037

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

Carl Wells,

Plaintiff - Appellant

v.

Lottery.com, Incorporated, doing business as Sports.com, Incorporated,

Defendant – Appellee

---

On Appeal from
United States District Court for the Western District of Texas
1:23-CV-1081

---

## BRIEF OF APPELLEE

## LOTTERY.COM, INCORPORATED

---

SUBMITTED BY:

Andrew R. Korn
Andrew R. Korn, P.L.L.C.
4221 Avondale Avenue
Dallas, TX 75219
214-521-0500

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellee: | Counsel for Appellee: |
|---|---|
| Lottery.com, Incorporated | Andrew Korn of Andrew R. Korn, P.L.L.C., Dallas, TX |

For Lottery.com, Incorporated, there is no such parent corporation or any publicly held corporation owning 10% or more of its stock.

| Appellant: | Counsel for Appellant: |
|---|---|
| Carl Wells | Alfonso Kennard of Kennard Law, P.C., Houston, TX |
| | Eddie Hodges of Kennard Law, P.C., Houston, TX |

s/Andrew R. Korn
Attorney of record for Appellee

# Statement Regarding Oral Argument

Oral argument is not needed because the parties' briefs provide sufficient opportunity to advocate the parties' positions regarding the Rule 12(b)(6) dismissal of a single claim.[1]

Appellant has not specified why further use of the Court's time is needed. Appellant's rote recitation that "the decisional process would be significantly aided by oral argument"[2] is unconvincing.[3]

---

[1] Jacques L. Wiener, Jr., *Ruminations from the Bench: Briefwriting and Oral Argument in the Fifth Circuit*, 70 Tul. L. Rev. 187, 189 (1995) ("Inform us why you need to roll up your sleeves, look us in the face, and tell us how it is, because a dry reading of the briefs just won't get the job done."); Felicia Harris Kyle, *An Interview with Chief Justice John Cayce, The Appellate Advocate*, Vol. XVIII, No. 2, at 13 (Fall 2005) ("appellate lawyers can help relieve the tension [*i.e.* the constant pressure to expedite work to keep up with the COA's caseload] by [inter alia]... requesting oral argument only when necessary for a meaningful review of the appeal...").

[2] *Appellant's Brief*, p. iii.

[3] Dana Livingston, *Fifth Circuit Practice—The Ultimate Guide*, p. 31 (State Bar of Texas, Advanced Appellate Practice Course & Appellate Boot Camp, September 2005):

> A rote recitation, such as "the appellant requests oral argument because it will be helpful to the court in deciding this case," is not helpful to the court in deciding whether to allow oral argument. Counsel who wishes to present oral argument to the court increases the chances of getting to do so by giving the court specific reasons why oral argument is necessary.

*Cf.* Eric J. Magnuson and Michael A. Kolcun, *Maximizing Your Chances for Oral Argument, For the Defense*, 87, 88 (2016) ("counsel should take care to draft a compelling reason why a case merits in-person advocacy before a circuit court.").

| TABLE OF CONTENTS | Page(s) |
|---|---|
| CERTIFICATE OF INTERESTED PERSONS | 2 |
| STATEMENT REGARDING ORAL ARGUMENT | 3 |
| TABLE OF CONTENTS | 4 |
| TABLE OF AUTHORITIES | 4-10 |
| JURISDICTIONAL STATEMENT | 11 |
| THRESHOLD JURIDICTIONAL CHALLENGE | 11-14 |
| STATEMENT OF THE ISSUES | 14 |
| STATEMENT OF THE CASE | 14 |
| FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW | 14-17 |
| PROCEDURAL HISTORY | 17-18 |
| SUMMARY OF THE ARGUMENT | 18-21 |
| ARGUMENT | 21 |
| RESPONSE TO ISSUE 1 (AND SUBISSUES) | 21-26 |
| THE DESIGNATION THAT COUNTS | 27-28 |
| RESPONSE TO ISSUE 2 (AND SUBISSUES) | 28-36 |
| FAIR READING REQUIRED | 36-37 |
| ALTERNATIVE GROUND FOR AFFIRMANCE | 37-40 |
| CONCLUSION | 41 |
| CERTIFICATE OF SERVICE | 41 |
| CERTIFICATE OF COMPLIANCE | 42 |

## TABLE OF AUTHORITIES

| CASES | PAGE(s) |
|---|---|
| *Ackermann v. United States*, 340 U.S. 193 (1950) | 21 |
| *Arambula v. Irvine Unified Sch. Dist.*, 2016 Cal. Super. LEXIS 32777 (Cal. Super. Ct. October 21, 2016) | 34 |

| | |
|---|---|
| *Atkins v. City of Chicago*, 631 F.3d 823 (7th Cir. 2011) | 19 |
| *Avitts v. Amoco Prod. Co.*, 53 F.3d 690 (5th Cir. 1995) | 18 |
| *Barone v. Inspire Summits LLC*, 2022 U.S. Dist. LEXIS 139696 (E.D.N.Y. Aug. 4, 2022) | 22 |
| *Basic Capital Mgmt. v. Dynex Capital, Inc.*, 976 F.3d 585 (5th Cir. 2020) | 28 |
| *Benson v. Univ. Ambulance Serv.*, 675 F.2d 783 (6th Cir. 1982) | 37 |
| *Brewer v. Sake Hibachi Sushi & Bar, Inc.*, 2022 U.S. Dist. LEXIS 9042 (N.D. Tex. Jan. 19, 2022) | 38 |
| *Brown v. Taylor*, 569 F. App'x 212 (5th Cir. 2014) | 11 |
| *Buan v. AATRU Med., LLC*, 2024 U.S. Dist. LEXIS 92161 (D. Minn. May 23, 2024) | 33 |
| *Burns v. Stratos*, 581 F. Supp. 3d 687 (E.D. Pa. 2022) *aff'd*, 2023 U.S. App. LEXIS 14854 (3d Cir. June 15, 2023) | 22 |
| *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165 (11th Cir. 2014) | 13 |
| *Campbell v. White*, 721 F.2d 644 (8th Cir. 1983) | 13 |
| *Carley v. Crest Pumping Techs.*, 890 F.3d 575 (5th Cir. 2018) | 37 |
| *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) | 40 |
| *Dalzeal LLC v. Mellberg*, 2024 U.S. App. LEXIS 2842 (11th Cir. February 7, 2024) | 27 |
| *ElHelbawy v. Pritzker*, 2015 U.S. Dist. LEXIS 125903 (D. Colo. Sept. 21, 2015), aff'd, 663 F. App'x 658 (10th Cir. 2016) | 30 |

| | |
|---|---|
| *Emmons v. City of Chesapeake*, 982 F.3d 245 (4th Cir. 2020) | 34 |
| *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79 (2018) | 37 |
| *Ergon, Inc. v. Amoco Oil Co.*, 966 F. Supp. 577 (W.D. Tenn. 1997) | 26 |
| *Ferguson v. Neighborhood Housing Services of Cleveland, Inc.*, 780 F.2d 549 (6th Cir. 1986) | 30 |
| *Garza v. Gibraltar*, 2024 U.S. Dist. LEXIS 111755 (W.D. Tex. May 15, 2024) | 24 |
| *General Assur. of Am. Inc. v. Arch Ins. Co.*, 2019 U.S. Dist. LEXIS 8983, (S.D. W.Va. January 18, 2019) | 18 |
| *Gregg v. SBC/Ameritech*, 2005 U.S. Dist. LEXIS 12577 (S.D. Ohio June 24, 2005) | 12 |
| *Grimes v. Bd. of Trs. for Northcentral Univ.*, 2024 U.S. Dist. LEXIS 6933 (S.D. Cal. Jan. 12, 2024) | 40 |
| *Haviland v. Catholic Health Industries-Iowa*, 729 F. Supp. 2d 1038 (S.D. Iowa 2010) | 36 |
| *Hebert v. Marathon Oil Co.*, 2020 U.S. Dist. LEXIS 54659 (S.D. Tex. Mar. 30, 2020) | 39 |
| *Hebert v. United States*, 53 F.3d 720 (5th Cir. 1995) | 21 |
| *In re O'Brien*, 312 F.3d 1135 (9th Cir. 2002) | 12 |
| *In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002) | 11 |
| *Jenkins v. County of Hennepin, Minn.*, 2007 U.S. Dist. LEXIS 56928 (D. Minn. Aug. 3, 2007) | 25 |
| *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260 (N.D.N.Y. 2023) | 21 |

| | |
|---|---|
| *Kinsley v. Lakeview Reg'l*, 570 F.3d 586 (5th Cir. 2009) | 11 |
| *Little v. KPMG LLP*, 575 F.3d 533 (5th Cir. 2009) | 14 |
| *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616 (Fed. Cir. 1995) | 21 |
| *Martin v. Commissioner*, 649 F.2d 1133 (5th Cir. 1981) | 20 |
| *Matta v. May*, 888 F. Supp. 808 (S.D. Tex. 1995) | 40 |
| *McCrae Law Firm, PLLC v. Gilmer*, 2018 U.S. Dist. LEXIS 809 (S.D. Miss. January 3, 2018) | 18 |
| *Miller v. Infinite Percent Partners, LLC*, 2021 U.S. Dist. LEXIS 114026 (N.D. Cal. June 17, 2021) | 33 |
| *Miller v. Mackey Int'l, Inc.*, 452 F.2d 424 (5th Cir. 1971) | 13 |
| *Millsaps v. McKee*, 2019 U.S. Dist. LEXIS 211456 (E.D. Mo. December 9, 2019) | 25 |
| *Mitchell v. Praetorian Ins. Co.*, 2025 U.S. App. LEXIS 6803 (5th Cir. March 24, 2025) | 14 |
| *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295 (5th Cir. 2012) | 40 |
| *Morales v. Carrillo*, 625 F.Supp.3d 587 (W.D. Tex. 2022) | 18 |
| *Morales v. Dep't of Army*, 947 F.2d 766 (5th Cir. 1991) | 30 |
| *NicSand, Inc. v. 3M Co.*, 507 F.3d 442 (6th Cir. 2007) | 28 |
| *Olsovsky v. SEC Energy Prods.*, 2023 U.S. Dist. LEXIS 122705 (S.D. Tex. July 17, 2023) | 30 |
| *Papapietro v. Clott*, 2024 U.S. Dist. LEXIS 20150 (E.D.N.Y. February 5, 2024) | 23 |

| | |
|---|---|
| *Perez v. Muab, Inc.*, 2011 U.S. Dist. LEXIS 22275 (S.D. Fla. Mar. 7, 2011) | 37 |
| *Perrero v. Walt Disney Parks & Resorts*, 2017 U.S. Dist. LEXIS 231904 (M.D. Fla. August 10, 2017) | 24 |
| *Porter v. Brancato*, 171 F.R.D. 303 (D. Kan. 1997) | 13 |
| *Puente v. Ridge*, 324 Fed. Appx. 423 (5th Cir. 2009) | 40 |
| *Ramos v. Baldor Specialty Foods*, 687 F.3d 554 (2d Cir. 2012) | 35 |
| *Romero v. Becken*, 256 F.3d 349 (5th Cir. 2001) | 21 |
| *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 32 F.4th 1347 (11th Cir. 2022) | 23 |
| *Siji Yu v. Knighted, LLC*, 811 F. App'x 55 (2d Cir. 2020) | 35 |
| *Smith v. Ochsner Health Sys.*, 956 F.3d 681 (5th Cir. 2020) | 31 |
| *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828 (5th Cir. 2007) | 38 |
| *Tasion Communs. v. Ubiquiti Networks, Inc.*, 2013 U.S. Dist. LEXIS 169861 (N.D. Cal. December 2, 2013) | 22 |
| *Taylor v. HD & Assocs., L.L.C.*, 45 F.4th 833 (5th Cir. 2022) | 38 |
| *Tobin v. P&G*, 2024 U.S. Dist. LEXIS 64831 (N.D. Cal. April 9, 2024) | 21 |
| *Union Eng'g Co. v. Titan Indus. Corp.*, 1985 U.S. Dist. LEXIS 18449 (S.D.N.Y. June 27, 1985) | 28 |
| *United States v. Early*, 27 F.3d 140 (5th Cir. 1994) | 37 |
| *United States v. eBay, Inc.*, 968 F. Supp. 2d 1030 (N.D. Cal. 2013) | 19 |

| | |
|---|---|
| *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011) | 12 |
| *United States v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1 (E.D. Pa. 2021) | 25 |
| *Vandelay Hosp. Grp. LP v. Cincinnati Ins. Co.*, 2020 U.S. Dist. LEXIS 149196 (N.D. Tex. Aug. 18, 2020) | 21 |
| *Venable v. Smith Int'l, Inc.*, 117 F.4th 295 (5th Cir. 2024) | 28 |
| *Wall Guy, Inc. v. FDIC*, 95 F.4th 862 (4th Cir. 2024) | 11 |
| *Ware v. Collectcorp Corp.*, 2007 U.S. Dist. LEXIS 111773 (D. Ariz. January 18, 2007) | 29 |
| *Webb v. Langley*, 2007 U.S. Dist. LEXIS 108269 (N.D. Ga. May 10, 2007) | 12 |
| *White v. Bean*, 2022 U.S. Dist. LEXIS 10420 (D. Nev. January 20, 2022) | 25 |
| *Yourman v. Giuliani*, 229 F.3d 124 (2d Cir. 2000) | 35 |
| *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349 (5th Cir. 2015) | 36 |
| *Zhang v. Royal Caribbean Cruises, Ltd.*, 2020 U.S. Dist. LEXIS 52461 (S.D. Fla. Mar. 26, 2020) | 25 |

| **STATUTES and RULES** | **PAGE(s)** |
|---|---|
| 5th Cir. R. 28.2.2 | 23 |
| Fed. R. App. P. 3 | 11-12 |
| Fed. R. App. P. 3(c)(1)(B) | 11 |

| | |
|---|---|
| Fed. R. App. P. 28(a)(4)(D) | 12 |
| Fed. R. App. P. 28(a)(8)(A) | 23 |
| FED. R. APP. P. 32(a)(7)(B) | 42 |
| FED. R. APP. P. 32(f) | 42 |
| **OTHER AUTHORITY** | **PAGE(s)** |
| 20 Moore's Federal Practice - Civil §303.21(c)(1) | 14 |
| 20 Moore's Federal Practice - Civil §303.30 | 13 |
| Dana Livingston, *Fifth Circuit Practice—The Ultimate Guide*, p. 31 (State Bar of Texas, Advanced Appellate Practice Course & Appellate Boot Camp, September 2005) | 3 |
| Eric J. Magnuson and Michael A. Kolcun, *Maximizing Your Chances for Oral Argument*, For the Defense, 87, 88 (2016) | 3 |
| Felicia Harris Kyle, An Interview with Chief Justice John Cayce, The Appellate Advocate, Vol. XVIII, No. 2, at 13 (Fall 2005) | 3 |
| https://dictionary.cambridge.org/us/dictionary/english/manage | 32 |
| Jacques L. Wiener, Jr., Ruminations from the Bench: Briefwriting and Oral Argument in the Fifth Circuit, 70 Tul. L. Rev. 187, 189 (1995) | 3 |
| William Penn, Some Fruits of Solitude (1682) | 32 |

# JURISDICTIONAL STATEMENT

## Threshold Jurisdictional Challenge

"The filing of a timely notice of appeal, within thirty days after entry of the court's judgment, is mandatory and jurisdictional." *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 588 (5th Cir. 2009). Appellant's defective notice of appeal "raises a threshold question regarding this court's jurisdiction." *Brown v. Taylor*, 569 F. App'x 212, 213 (5th Cir. 2014).

The "principle of liberal construction does not… excuse noncompliance with [Fed. R. App. P. 3]." *Kinsley*, at 589. "Noncompliance [with Fed. R. App. P. 3] remains fatal to an appeal." *Wall Guy, Inc. v. FDIC*, 95 F.4th 862, 867 (4th Cir. 2024) (Internal quotations omitted); *In re Transtexas Gas Corp.*, 303 F.3d 571, 580 (5th Cir. 2002) ("pragmatic concerns cannot 'outweigh' a jurisdictional defect.").

Notices of appeal must designate the judgment to be reviewed. Fed. R. App. P. 3(c)(1)(B).  Appellant's Notice of Appeal fails to designate any judgment or order to be reviewed. ROA.781. The Notice of Appeal speaks in terms of an occurrence – without identifying a judgment or order:

---

**PLAINTIFF'S NOTICE OF APPEAL**

Carl Wells ("Plaintiff") appeals to the United States Court of Appeals for the Fifth Circuit from this Court's Adoption of the Magistrate's Report and Recommendations of the United States District Judge Robert Pittman entered on January 24, 2025

---

ROA.781.

*Appellant's Brief* further muddied the status of this Appeal by failing to provide the information required by Fed. R. App. P. 28(a)(4)(D) in the Jurisdictional Statement.[4]

Therefore, Appellant's appeal is untimely and must be dismissed. *United States v. El-Mezain*, 664 F.3d 467, 558 (5th Cir. 2011) ("[A]ppeal must be dismissed in light of the defective notice of appeal."). Otherwise, instead of enforcing the rules of appellate procedure,[5] the Court will be

---

[4] Fed. R. App. P. 28(a)(4)(D) (Appellant's Brief must contain a jurisdictional statement including "an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis.").

[5] *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (Citations omitted):

> The "rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such local rules necessarily entails." These rules serve a critical function in that they maximize ever more scarce judicial resources… The FRAP and Ninth Circuit rules are "not optional suggestions . . . but rules that . . . are entitled to respect, and command compliance."

*Webb v. Langley*, 2007 U.S. Dist. LEXIS 108269, at *6 (N.D. Ga. May 10, 2007) (Deadlines and requirements of the Federal Rules of Civil Procedure "are not aspirational or advisory in nature."); *Gregg v. SBC/Ameritech*, 2005 U.S. Dist. LEXIS

effectively revising Fed. R. App. P. 3 to require nothing more than "I appeal to this Court."[6]

The minimal requirements of Fed. R. App. P. 3 are not a "trap for the unwary." 20 Moore's Federal Practice - Civil §303.30 (Filing Notice of Appeal is Mandatory and Jurisdictional):

> every attempt should be made to comply [with Appellate Rule 3], because a failure to meet the minimum requirements of the rule will defeat the appeal. This is not a difficult task, as the rule itself is simple and explicit, and the requirements are easily met.

Appellee stipulates that it has not been prejudiced or misled by Appellant's defective Notice of Appeal. If the Court considers making the determination that an "imperfect" notice of appeal will not bar review of

---

12577, at *21-22 (S.D. Ohio June 24, 2005) (Permitting parties to disregard the rules "would effectively mean that the Court has abdicated case management responsibility by elevating the parties' whims over the Federal Rules of Civil Procedure… The Court refuses to endorse such misconduct."); *Porter v. Brancato*, 171 F.R.D. 303, 305 (D. Kan. 1997) (Courts "hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rules of procedure.").

[6] "This Court cannot, however, rewrite the Federal Rules of Civil Procedure." *Miller v. Mackey Int'l, Inc.*, 452 F.2d 424, 428 (5th Cir. 1971); *Campbell v. White*, 721 F.2d 644, 646 (8th Cir. 1983) ("The rules and their amendments are prepared with care and submitted to Congress with an opportunity for disapproval. We may not rewrite procedures that have been clearly laid down for us"); *See also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-1169 (11th Cir. 2014) (Leniency allowed pro se litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

this Case because Appellee could divine what was being appealed,[7] Appellee requests that the Court first require Appellant to first show good cause for failing to file a compliant Notice of Appeal.[8]

## STATEMENT OF THE ISSUES

Appellant complains about the trial court dismissing Appellant's Case. *Appellant's Brief*, 4-6, 47. More specifically, Appellee complains about the trial court's determination that Appellee's Second Amended Complaint: 1) failed to plead a minimum wage claim under the Fair Labor Standards Act. *Id.*, at 4-5 (Issue One); and 2) established that Appellee was exempt from the Fair Labor Standards Act (Issue Two). *Id.*, at 5-6.

## STATEMENT OF THE CASE
### Facts[9] Relevant to the Issues Submitted for Review

---

[7] *See Mitchell v. Praetorian Ins. Co.*, 2025 U.S. App. LEXIS 6803, at *4-5 (5th Cir. March 24, 2025).

[8] 20 Moore's Federal Practice - Civil §303.21(c)(1) (Sufficiency of Notice of Appeal):

Appellate Rule 3(c) requires the notice of appeal to "designate the judgment—or the appealable order—from which the appeal is taken." This requirement is usually met by identifying the judgment or order to be appealed by the date of its entry, as illustrated by the suggested forms for notices of appeal included in the Appendix of Forms accompanying the Appellate Rules…

[9] Appellee casts the allegations in Appellee's Second Amended Complaint as "facts" because the standard of review requires it. *See Little v. KPMG LLP*, 575 F.3d 533, 535 (5th Cir. 2009) (When reviewing a dismissal based on Rule 12(b)(6), "we must assume the allegations are true and describe them as if they were fact.").

Appellee is a public company whose common stock and warrants are traded on The Nasdaq Stock Market LLC under the ticker symbols "LTRY" and "LTRYW," respectively. ROA.458, 564.

Appellee hired Appellant as the Vice President of Information Technology through an Employment Agreement (attached to the Second Amended Complaint as Exhibit A). ROA.475, 486. *Appellant's Brief*, at 12, 14. The Employment Agreement was mutually drafted after negotiation. ROA.461, 486. Appellant's official employment start date was March 9, 2022. ROA.460. The Employment Agreement provides Appellant "bi-weekly salary of $9,615.39 (being $250,000 Annualized)." ROA.475, 486. Appellee paid Appellant this salary until July 8, 2022. ROA.462; *Appellant's Brief*, at 14. In addition to salary, "Appellee provided Appellant "medical benefits" and Appellant enrolled in Appellee's 401k. ROA.462.

The first paragraph of Appellee's Employment Agreement reads:

> **Position**   You will be employed in the fulltime, **exempt role** of Vice President of Information Technology…

ROA.486. (Emphasis added).

Appellant's "regular duties" (as Appellee's Vice President of Information Technology) are:

developing and implementing all IT strategies, ensuring the organization's data and systems are secure and comply with relevant regulations and standards, overseeing the administration of Google Workspace with other enterprise systems and applications, managing user accounts, access permissions, and identity [*sic*] management to ensure that the right people have the right access to resources, implementing policies and procedures for data storage, backup, and recovery to ensure data integrity and availability, establishing and managing IT support services to address user issues, troubleshoot problems, and ensure continuous availability of services, managing the IT budget, controlling costs, and ensuring that investments in Google Workspace and related technologies provide a good return on investment, and managing relationships with vendors, negotiating contracts, and ensuring that third-party services and products meet the organization's needs and standards.

ROA.461-462.[10]

In this description of Appellant's regular duties, Appellant used the word "managing/management" five separate times. ROA.461-462. Appellant also alleges that Lottery.com: 1) "tasked" Appellant "with developing and implementing all IT strategies"; and 2) "implementing policies and procedures for data storage, backup, and recovery". *Id*.[11]

On July 8, 2022, Appellee furloughed most of its employees – but

---

[10] Appellant was also "involved in" at least one "internal investigation." ROA.461-462.

[11] Appellant chose to describe his duties and responsibilities this way **after** Appellee raised Appellant's exempt status under the FLSA in Appellee's previous motion to dismiss.ROA.82-112.

not Appellant. Appellant is still employed at Appellee. ROA.458 ("At all times pertinent to this case, Plaintiff is employed by Defendant"); ROA.464 (Appellant was "not furloughed" and "furlough was not applicable to [Appellant");[12] ROA.469 (Appellant never told "he was terminated or furloughed"); ROA.614 ("Plaintiff has alleged that he is still employed and has continued to be employed as of this filing [August 2, 2024].").

### Procedural History

After Appellee filed its Rule 12(b)(6) Motion to Dismiss Appellant's First Amended Complaint, the trial court permitted Appellant to amend. ROA.3, 5, 82-111; *Appellant's Brief*, at 9.

Appellant filed a Second Amended Complaint ("SAC"). ROA.458-580. Appellee filed a Rule 12(b)(6) Motion to Dismiss the SAC. ROA.581-601. The Magistrate Judge made the report and recommendation to dismiss the SAC. ROA.719-728. More specifically, the Magistrate Judge

---

[12] By alleging that he was never furloughed, Appellant admits that he is a department head. ROA.552 (Emphasis added):

> The following day, on July 29, 2022, the Company effectively ceased operations (the "Operational Cessation"), when it furloughed the majority of its employees and generally suspended its lottery game sales. The Company's remaining employees were limited to the **heads of the** product, **information technology** and human resources **team**s as well as the entire legal and compliance team.

recommended: 1) dismissing with prejudice Appellant's FLSA minimum wage claim; and 2) declining to exercise supplemental jurisdiction over Appellant's state law claims and dismissing those claims without prejudice. ROA.727.

Appellant objected to the Magistrate Judge's report and recommendation and Appellee responded to those objections. ROA.729-742, 744-751. Thereafter, the District Judge signed: 1) an order adopting the Magistrate Judge's report and recommendation; and 2) a final judgment. ROA.768-769, 780.

## SUMMARY OF THE ARGUMENT

Appellant — the master of their Second Amended Complaint — "must live with the consequences of [their] pleading decisions." *General Assur. of Am. Inc. v. Arch Ins. Co.*, 2019 U.S. Dist. LEXIS 8983, at *4 (S.D. W.Va. January 18, 2019); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) ("Plaintiff is generally considered the master of his complaint."); *Morales v. Carrillo*, 625 F.Supp.3d 587, 610 (W.D. Tex. 2022) (Quotations omitted) ("Plaintiffs must live with the consequences of their strategic decision to not plead a claim for false arrest when they had the chance."); *McCrae Law Firm, PLLC v. Gilmer*, 2018 U.S. Dist.

LEXIS 809, at *6 (S.D. Miss. January 3, 2018) ("the U.S. Supreme Court has held for over a century that the plaintiff is the master of her complaint."); *United States v. eBay, Inc.*, 968 F. Supp. 2d 1030, 1038-39 (N.D. Cal. 2013) ("United States must abide by the consequences of its pleading decisions.").

Appellee agreed to compensate Appellant for his role as Vice President of Information Technology with a $250,000.00 annual salary, paid biweekly. ROA.475, 486. *Appellant's Brief*, at 12, 14. For a time, Appellee paid Appellee that biweekly salary based on $250,000.00 annually. ROA.462; *Appellant's Brief*, at 12, 14. Appellant described many high level, managerial and administrative functions that he regularly performs for Lottery.com. ROA.461-462, 482.

Based on Appellant's descriptions of his duties, the trial court had "little trouble concluding [Appellant] was employed in a capacity which exempts him from the provisions of the FLSA." ROA.723. By these facts, Appellant plead himself out of court. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) ("([A]nother rule that antedates *Twombly* and *Iqbal*) [Plaintiff] can plead himself out of court by pleading facts that show that he has no legal claim.").

Rather than request recovery for the relatively modest $7.25 an hour minimum wage for any unpaid hours that Appellant worked, Appellant sought his contract wages. ROA.475 (Requesting "full regular pay compensation").[13] Appellant's allegations "made clear" to the trial court that Appellant was seeking contract wages and not minimum wage. ROA.473-475.

Both issues presented in this Appeal are the result of Appellant's choices. It is the responsibility of this Court to correct error by the trial court. *Martin v. Commissioner*, 649 F.2d 1133, 1144 (5th Cir. 1981) (Federal appellate judges are charged with the responsibility of correcting errors in lower court decisions). It is not the responsibility of this Court to relieve an Appellant from the consequences of their

---

[13] Appellant requested an award against Appellee for at least $1,044,000.00 in certain economic damages, as part of a judgment awarding Appellant "all damages to which Appellant may be entitled, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received; Past, present, and future physical pain and mental suffering; Compensatory damages, including, but not limited to, emotional distress; Liquidated Damages; Punitive damages in an amount above the minimum jurisdictional limits of the Court; Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal); Pre-judgment and Post-judgment interest at the highest rate permitted by law; and Costs of Court. ROA.473, 483. Asked in the *Civil Cover Sheet* for the amount demanded in the Complaint, Appellant answered: $1,500,000.00+. ROA.25.

choices.[14]

## ARGUMENT
### Issue 1 (and Sub issues)

Appellant plead themselves out of court by seeking unrecoverable damages. *See generally Romero v. Becken*, 256 F.3d 349, 354-55 (5th Cir. 2001) (Affirming dismissal of a claim because it sought money damages unavailable under the relevant statute); *Vandelay Hosp. Grp. LP v. Cincinnati Ins. Co.*, 2020 U.S. Dist. LEXIS 149196, at *15 (N.D. Tex. Aug. 18, 2020) ("Because [Plaintiff] seeks damages that are not recoverable…as a matter of law, the court concludes that [Plaintiff] has failed to plead a plausible [] claim…"); *Tobin v. P&G*, 2024 U.S. Dist. LEXIS 64831, at *23 (N.D. Cal. April 9, 2024) ("Breach of Express Warranty claim is dismissed because Plaintiff fails to plead the appropriate measure of damages"); *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260, 270 n.5 (N.D.N.Y. 2023) ("the plaintiff must also

---

[14] *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision… was probably wrong…. free, calculated, deliberate choices are not to be relieved from."); *Hebert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995) ("the real problem is that [the plaintiff] waited too long to file his administrative claim, thereby placing himself in this procedural predicament*"); Mars Incorporated v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 620 (Fed. Cir. 1995) ("[W]e do not think it unfair to hold Mars to the consequences of its choice.").

plead cognizable damages to survive a defendant's motion to dismiss under Rule 12(b)(6)."); *Burns v. Stratos*, 581 F. Supp. 3d 687, 696 (E.D. Pa. 2022) *aff'd*, 2023 U.S. App. LEXIS 14854 (3d Cir. June 15, 2023) (Dismissing claims seeking a measure of damages that was unavailable); *Barone v. Inspire Summits LLC*, 2022 U.S. Dist. LEXIS 139696, at *2 (E.D.N.Y. Aug. 4, 2022) (Emphasis in original) ("The trouble for Plaintiffs is that the FLSA permits a claim for a failure to promptly pay **minimum wages**—not agreed-upon wages."). Appellant made a strategic choice to seek contract wages instead of statutory wages. *Cf. Tasion Communs. v. Ubiquiti Networks, Inc.*, 2013 U.S. Dist. LEXIS 169861, at *8 n.3 (N.D. Cal. December 2, 2013) (Decision to seek tort instead of contract damages was a strategic decision).

Appellant concluded his allegations about the FLSA with a demand for relief. "Plaintiff respectfully demand [*sic*] that **he be paid full regular pay** compensation as required by the FLSA for every hour worked in any workweek for which he was not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law." ROA.475. Appellant laid out his regular pay compensation — due under the under the Fair Labor Standards Act — in detail. ROA.471-472.

Therefore, Appellant's specific request for damages that are unavailable under the FLSA led the trial court to conclude "Wells does not complain about unpaid minimum wages or unpaid overtime compensation. He complains about unpaid wages…" ROA.725.

Appellant contends that "reasonable inferences" from the SAC support an interpretation that Appellant is seeking unpaid minimum wages. *Appellant's Brief*, 5, 34. But the more specific request for damages in a complaint governs over the general. *Papapietro v. Clott*, 2024 U.S. Dist. LEXIS 20150, at *12-13 (E.D.N.Y. February 5, 2024); *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 32 F.4th 1347, 1362 (11th Cir. 2022) (Specific allegations as to the types of damages govern over the general).

Appellant says they alleged that Appellant was a "nonexempt" employee. *See Appellant's Brief*, at 1, 26, 29(2x), and 35. But only one of these contentions contains record references,[15] and those references go to

---

[15] Fed. R. App. P. 28(a)(8)(A) (Argument "must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); 5th Cir. R. 28.2.2 Record References. ("Every assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record, whether in paper or electronic form, where the matter is found using the record citation form as directed by the Clerk of Court.").

conclusory designations of non-exempt status. ROA.473-474. Appellant's

general, conclusory, and formulaic characterization of Appellant's non-

exempt FLSA status is disregarded in a 12(b)(6) challenge.[16] Appellant

appears to recognize this pleading deficiency, claiming "[t]he Court

should have accepted the fact that Appellant alleged he received no

compensation during the relevant period as true and should have

construed all reasonable inferences that Appellant is asserting a claim

for federal minimum wage violations under the FLSA." *Appellant's Brief*,

at 30. The Court is not required to speculate on what a Plaintiff might be

asking for in the alternative. *See Perrero v. Walt Disney Parks & Resorts*,

2017 U.S. Dist. LEXIS 231904, at *8 (M.D. Fla. August 10, 2017)

(Emphasis added):

> This Court will not attempt to guess what legal theory or theories
> Plaintiffs are attempting to rely on, nor will it evaluate all potentially
> applicable theories to determine which—if any—Plaintiffs can
> successfully plead. It is Plaintiffs' duty to clearly articulate the basis
> of their claims... Plaintiffs... should clearly articulate under what
> legal theory ...they are proceeding for each claim **and, if pleading in
> the alternative, should clearly express their intention to do so**.

---

[16] Appellant invites the Court to do exactly what *Twombly* prohibits. Accept labels
and conclusions with no factual enhancement. *Garza v. Gibraltar*, 2024 U.S. Dist.
LEXIS 111755, at *8-9 (W.D. Tex. May 15, 2024) (Citing *Twombly*) (Internal citations
omitted) ("Federal Rule of Civil Procedure 8... demands more than unadorned
accusations, labels and conclusions, a formulaic recitation of the elements of a cause
of action, or naked assertion[s] devoid of further factual enhancement.").

Appellant made a strategic decision to stand on their Second Amended Complaint and seek damages that the FSLA does not allow.[17] Appellant should have been more careful to plead clearly and specifically. *See Millsaps v. McKee*, 2019 U.S. Dist. LEXIS 211456, at *14 (E.D. Mo. December 9, 2019) (Complaint insufficient when Plaintiff had not "clearly plead" duty and breach, and the Complaint "lack[ed] specific detail explaining what damages [Plaintiff] seeks"); *White v. Bean*, 2022 U.S. Dist. LEXIS 10420, at *52 (D. Nev. January 20, 2022) (Failing to clearly make allegations "is not acceptable pleading."). Especially after the trial court: 1) permitted Appellant to file a third Complaint; and warned Appellant about it. *Cf. Jenkins v. County of Hennepin, Minn.*, 2007 U.S. Dist. LEXIS 56928, at *41-42 (D. Minn. Aug. 3, 2007) ("Generously describing the plaintiff's claims as 'less than clear,' Judge Ericksen warned that '[l]itigants… have a duty to clearly inform the court of the

---

[17] *Zhang v. Royal Caribbean Cruises, Ltd.*, 2020 U.S. Dist. LEXIS 52461, at *4-9 (S.D. Fla. Mar. 26, 2020) (Leave denied when Plaintiff made the strategic decision to stand on his pleading, oppose a motion to dismiss, "then sat back and waited to see if the Court would let his pleading fly."); *Accord United States v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1, 6 (E.D. Pa. 2021):

> relator relied on a "wait-and-see" approach to pleading, whereby he waited until the Court identified the flaws in his allegations then sought to correct them—corrections that relator could have but chose not to make earlier. Relator's reliance on this approach to pleading was at his own peril.

bases for their requested relief.' …counsel clearly has failed to heed that warning…").[18]

Appellant's Fair Labor Standards Act claim had always been a throw-away claim, made for the purpose of maintaining a Federal forum. Appellant was not looking to recover $7.25 per hour for the time Appellant worked. The SAC shows Appellant trying to take the minimum out of a minimum wage claim. Dismissal should not be a surprise when a Plaintiff uses a statute outside its intended purpose. *See e.g.*, *Ergon, Inc. v. Amoco Oil Co.*, 966 F. Supp. 577, 585 (W.D. Tenn. 1997) (Dismissing statutory claims when no support for the relief sought "in the text of these statutes, or in their intended purposes.").

---

[18] *Appellant's Brief*, at 8-9 ("the Magistrate Judge held an oral hearing on Appellee's first 12(b)(6) motion… the Magistrate indicated that he intended to grant the 12(b)(6) motion in its entirety, but gave Appellant the opportunity for leave to file a Second Amended Complaint to cure any deficiencies"); *See also* ROA.820-821 (June 12, 2024, Transcript of Motion Hearing):

> THE COURT: Yeah, you might be right and I'm going to tell you -- I'm going to be ruthless on the next complaint. It needs to be y'all's best work.
> MR. HODGES: Yes, sir.
> THE COURT: Because if I'm seeing the same things again, I'm just -- I just don't -- I'm not going to spend a lot of time with it.
> MR. HODGES: Okay.

## The Designation that Counts

Because Appellant alleged being an exempt employee in the context of an Employment Agreement, that designation controls. The Employment Agreement attached to the SAC as Exhibit A states that Appellant "will be employed in the fulltime, exempt role of Vice President of Information Technology of Lottery.com" ROA.486. *See Dalzeal LLC v. Mellberg*, 2024 U.S. App. LEXIS 2842, at *9 (11th Cir. February 7, 2024) (Emphasis added):

> When evaluating a Rule 12(b)(6) motion, the court may consider exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) ("[C]ourts . . . consider the four corners of a complaint and the complaint's attached exhibits when analyzing a Rule 12(b)(6) motion to dismiss."). **Furthermore, and relevant here, "when the exhibits contradict the general and conclusory allegations of the [complaint], the exhibits govern**." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). *See also Turner*, 65 F.4th at 583 n.27 ("[A] litigant may be defeated by his own evidence, the pleader by his own exhibits when he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them."

The Employment Agreement attached and incorporated into the SAC memorialized a negotiated agreement where Appellant agreed to work for Appellee in the "exempt role of Vice President of Information Technology." ROA.461, 486. Accordingly, the Employment Agreement – with its upfront admission – pleads away any claim for minimum wage

under the FLSA. *Morales v. Dep't of Army*, 947 F.2d 766, 769 (5th Cir. 1991); *See also Union Eng'g Co. v. Titan Indus. Corp.*, 1985 U.S. Dist. LEXIS 18449, at *2 (S.D.N.Y. June 27, 1985) ("It is of course well recognized that a plaintiff is bound by the allegations made in the complaint; they are regarded as conclusive judicial admissions.").

### Response to Issue 2 (and Sub issues)

"'[D]ismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense,' provided that the affirmative defense 'appear[s] on the face of the complaint.'" *Basic Capital Mgmt. v. Dynex Capital, Inc.*, 976 F.3d 585, 588 (5th Cir. 2020); *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 458 (6th Cir. 2007) ("Nothing prevents a plaintiff from pleading itself out of court, which is all that happened here.").

Appellant's allegations (*i.e.* compensation based on a predetermined and fixed salary exceeding $100,000.00 annually and performance of duties or responsibilities of administrators or executives) classify Appellant as a high compensation employee ("HCE") exempt from the coverage of the Fair Labor Standards Act. *Venable v. Smith Int'l, Inc.*, 117 F.4th 295, 299-301 (5th Cir. 2024):

Under the duties test, the HCE "regularly performs" one, not all, of the following responsibilities: "managing the enterprise,[19] directing other employees, and exercising power to hire and fire."

…[29 CFR §541.]601a… provides that an HCE needs to make an annual salary of $100,000 or more, customarily perform a duty or responsibility of an executive, administrator, or professional, and perform office or non-manual work. Relevant here, the Appellants perform duties or responsibilities of administrators, which has a more relaxed standard than the executive exempt duties standard. "[A]n employee [can] be an administrative HCE if the employee customarily and regularly perform[s] office or non-manual work directly related to the management or general business operations of the employer, 541.200(a)(2), even if the employee's duties [do] not include the exercise of discretion and independent judgment with respect to matters of significance.

See also *Ware v. Collectcorp Corp.*, 2007 U.S. Dist. LEXIS 111773, at *8

(D. Ariz. January 18, 2007) (Record citations omitted):

---

[19] Several of the duties Appellant identifies in the SAC are contained as examples in the non-exclusive list provided in 29 CFR 541.102 (Management) (Emphasis added):

Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; **maintaining** production or sales **records for use in supervision or control**; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; **planning the work**; **determining the techniques to be used**; apportioning the work among the employees; **determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold**; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; **planning and controlling the budget**; and **monitoring or implementing legal compliance measures.**

By Plaintiff's own assertions, she was hired by Collectcorp as a Senior Vice President. The copy of the employment agreement that she provided shows that her base salary while employed at Collectcorp was $170,000 per year. Thus, it is clear that Plaintiff is exempt from the minimum wage provisions of § 206 of the FLSA, and Wilson's Motion to Dismiss this claim is granted.

Appellant argues that more evidence is needed to establish an exemption to the FLSA. Appellant's allegations in the SAC **are** admissions. *Morales v. Dep't of Army*, 947 F.2d 766, 769 (5th Cir. 1991). (Internal citations and quotations omitted) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them. Morales may not now argue contrary to the factual allegations of his complaint."). Judicial admissions eliminate the need for evidence. *Ferguson v. Neighborhood Housing Services of Cleveland, Inc.*, 780 F.2d 549, 550-51 (6th Cir. 1986).

As a result, the FSLA exemptions barring Appellant from recovering on a minimum wage claim are facially apparent. *ElHelbawy v. Pritzker*, 2015 U.S. Dist. LEXIS 125903, at *44 (D. Colo. Sept. 21, 2015), aff'd, 663 F. App'x 658 (10th Cir. 2016) ("To the extent that the well-pleaded facts suggest that [Plaintiff] was a professional employee, she would be exempt from the FLSA's minimum wage and maximum hour requirements."); *cf. Olsovsky v. SEC Energy Prods.*, 2023 U.S. Dist.

LEXIS 122705, at *13-14 (S.D. Tex. July 17, 2023) (Plaintiff's own job description proved HCE exemption. "It is enough that he customarily and regularly performed a quality control function, which is 'non-manual work directly related to [Defendant's] management or general business operations.'").

Appellant cannot credibly dispute that the employment duties Appellant listed are for office or non-manual work directly related to the management or general business operations of the employer. *Smith v. Ochsner Health Sys.*, 956 F.3d 681, 685 (5th Cir. 2020) (Stating FLSA exemption tests and acknowledging the "breadth of the highly compensated employee (HCE) exemption"). For example, controlling access to and insuring the functionality of an organization's "data and systems" are directly related to the general business operations of a company like Appellant. ROA.529 ("The Company's revenue generating activities are focused on…Data Service"). Moreover, "developing and implementing all IT strategies" includes the exercise of discretion and independent judgment with respect to a matter of significance. The five times Appellant used the word "manage" relate to management. And

"ensuring that third-party services and products meet the organization's needs and standards" meets one definition of manage.[20]

In the Second Amended Complaint – filed ten months into the Suit and **after** Appellee challenged Appellant's FSLA minimum wage claim on the same ground – Appellant nevertheless alleged:

> Plaintiff **continues** to render valuable sales services to Defendant by participating in **management of Defendant s business**…

ROA.482, 1-5, 82-86 (Emphasis added).

Which takes us to Appellant's argument that "Appellant lost any exemption status under the FLSA because he was NOT compensated at least $684 per week during the relevant period." *Appellant's Brief*, at 20. First, Appellant's argument is based on a lack of evidence:

> The only evidence the lower court reviewed was the Employment Agreement's salary and not any evidence of **actual** payment. The lower court essentially opined that a salary offer is enough to prove by a preponderance of evidence that the exemption salary test was met without the need to review **actual** pay records.

*Appellant's Brief*, at 24 (Emphasis in original). Appellant admitted being paid his biweekly payroll at his annual salary of $250,000.00. ROA.462

---

[20] *See* https://dictionary.cambridge.org/us/dictionary/english/manage (Manage *verb* (CONTROL) "to be responsible for controlling or organizing someone or something, especially a business or employees").

("Plaintiff was provided with medical benefits and enrolled in the Defendant's 401k. Plaintiff received regular pay roll from March 9, 2022 to July 8, 2022"). Thereafter, payment decreased. [21]

Appellant cannot kill what never dies.[22] Appellee cannot lose an FLSA exemption for non-payment. *See*:

- *Buan v. AATRU Med., LLC*, 2024 U.S. Dist. LEXIS 92161, at *7 (D. Minn. May 23, 2024) (Emphasis added) ("Ultimately, because Aatru promised to pay Buan $240,000, Aatru satisfied FLSA's minimum wage requirements **regardless of whether it ultimately paid Buan**.")

- *Miller v. Infinite Percent Partners, LLC*, 2021 U.S. Dist. LEXIS 114026, at *4-7 (N.D. Cal. June 17, 2021) (Some Citations omitted) (Emphasis added):

  The FLSA requires employers to pay minimum wages and overtime compensation to nonexempt, *i.e.* hourly, employees. *See* 29 U.S.C. §§ 206-207. These requirements do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). While it is the employer who bears the burden of demonstrating that an FLSA exemption applies to an employee, the Court may rely on "'judicial experience and common sense' to determine whether the factual allegations, which are assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679, and applying the 12(b)(6) plausibility standard in the FLSA context).

---

[21] ROA.476 ("Defendant contracted to pay Plaintiff $250,000 salary and since July 22, 2022, Plaintiff's salary never approached this level").

[22] *See* William Penn, *Some Fruits of Solitude* (1682) ("Death cannot kill what never dies.").

Here, Plaintiff alleges that she accepted a job offer from Defendants to be IPP's Chief Medical Officer and that she accepted an annual salary of $200,000. According to Plaintiff, Defendants offered to pay her "$10,000 per month for the first three months" and to pay the accrued balance in stock and cash. After the first three months, Plaintiff was to be paid $16,667 per month…

According to Plaintiff's own allegations, she was hired to perform professional functions, and she was to be paid a monthly salary, not an hourly wage. Plaintiff does not even attempt to allege that she was a nonexempt employee. Instead, she argues in her opposition that "[e]xempt employees are still entitled to the benefits of the FLSA if they are paid no minimum wage for 3 months." Plaintiff cites no authority, and the Court has found none, in support of this proposition. **On the contrary, the plain language of 29 U.S.C. § 213 clearly exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the minimum wage provisions of 29 U.S.C. § 206.** Accordingly, the Court finds that Plaintiff has not plausibly alleged a violation of the FLSA's minimum wage provisions.

- *Arambula v. Irvine Unified Sch. Dist.*, 2016 Cal. Super. LEXIS 32777, at *2 (Cal. Super. Ct. October 21, 2016) (Emphasis added):

   **As the Court understands the exemption**, however - which includes a three part test that considers salary level, salary basis, and employee duties (29 CFR 541.204(a)(1), .200) - **these are not mandating that employers pay employees any particular salary levels if they are exempt.** It appears the exemption tests are used to see if an employee is compensated enough, to not be subject to minimum wage and overtime laws.

The purpose of the FLSA is to protect workers, not high salaried

executives and administrators. *See Emmons v. City of Chesapeake*, 982

F.3d 245, 257-258 (4th Cir. 2020) ("there is an underlying thread of rationality to the statute and its regulations, which is that hourly workers who are the bulk of many a workforce are covered, but that those who operate in managerial capacities are not."); *Yourman v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000) ("The purpose of the salary basis test is to distinguish 'true' executive, administrative, or professional employees from non-exempt employees, *i.e.*, employees who may be disciplined 'by piecemeal deductions from . . . pay.'"); *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 564 (2d Cir. 2012) (stating that the broad purpose of the executive exemption is "to distinguish managerial employees from non-managerial employees").

The question of how an employee spends their working time is a question of fact. *Siji Yu v. Knighted, LLC*, 811 F. App'x 55, 57 (2d Cir. 2020). There were no facts for the trial court to determine. Appellant plead them to us. The question whether an employee's "particular activities excluded them from the overtime benefits of the FLSA is a question of law." *Id*.

Given Appellant's detailed description of all their in office, non-manual work related to the management or general business operations

of Appellee, the trial court had little trouble concluding that [Appellant] was employed in a capacity which exempts him from the provisions of the FLSA. ROA.723; *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 359 (5th Cir. 2015) ("a high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties."). "[T]he foremost purpose of the FLSA was to stop the exploitation of workers **by** management…" *Haviland v. Catholic Health Industries-Iowa*, 729 F. Supp. 2d 1038, 1048 (S.D. Iowa 2010) (Emphasis added). Appellant **is** management. *See generally* Appellant's Second Amended Complaint. ROA.458-580.

### "Fair Reading" Required

With respect to the FLSA's exemptions from minimum wage requirements, Appellant argued for and received the benefit of a narrow construction in Appellant's favor. *Compare Plaintiff's Response in Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss* [Doc. 38], at 9. ROA.615:

> As with all exemptions to the FLSA, the employer's claim of exemption must be construed narrowly and in favor of the employee. *See Brennan v. Greene's Propane Gas Service, Inc.*, 479 F.2d 1027, 1032 (5th Cir. 1973).

With Report and Recommendation of the United States Magistrate Judge

[Doc. 48], at 4 n.3. ROA.722:

> FLSA exceptions are affirmative defenses, and they "are to be
> narrowly construed against the employers seeking to assert them."
> *Arnold v. Ben Kanowsky*, 361 U.S. 388, 392 (1960).

However, this narrow construction of FLSA exemptions is erroneous.
*Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 88, 138 S. Ct. 1134, 200
L. Ed. 2d 433 (2018) (FLSA exemptions should not be "construed
narrowly," but rather should be given a "fair interpretation."); *Carley v.
Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018) (quoting
*Encino*) ("The Supreme Court recently clarified that courts are to give
FLSA exemptions 'a fair reading,' as opposed to the narrow
interpretation previously espoused by this and other circuits.").

## Alternative Ground for Affirmance

The Court can affirm the final judgment on the alternative basis of
lack of jurisdiction. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir.
1994). Interstate commerce "is an element of jurisdiction" under the Fair
Labor Standards Act. *Benson v. Universal Ambulance Serv.*, 675 F.2d
783, 786 (6th Cir. 1982); *Perez v. Muab, Inc.*, 2011 U.S. Dist. LEXIS

22275, at *3 (S.D. Fla. Mar. 7, 2011) (Interstate commerce is a "jurisdictional prerequisite" for the FLSA).

The FLSA's minimum wage requirement only applies if either the employee or the employing business enterprise is engaged in commerce or in the production of goods for commerce. *Brewer v. Sake Hibachi Sushi & Bar, Inc.*, 2022 U.S. Dist. LEXIS 9042, at *4 (N.D. Tex. Jan. 19, 2022), adopted 2022 U.S. Dist. LEXIS 20306 (N.D. Tex. Feb. 4, 2022). To state a claim that the employee engaged in activities covered by the Fair Labor Standards Act, an employee must plausibly allege facts of either (1) individual FLSA coverage or (2) enterprise FLSA coverage. *See Taylor v. HD & Assocs., L.L.C.*, 45 F.4th 833, 838 (5th Cir. 2022). The employee bears the burden of proving he is covered by the FLSA under either coverage theory. *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).

Appellant failed to plausibly allege interstate commerce for purposes of invoking FLSA coverage, pleading only:

> Plaintiff was not annually compensated at least $107,432 during the relevant period [July 2022 to present] and received no compensation… Plaintiff is covered by the Fair Labor Standards Act (FLSA) on an individual basis because he engaged in interstate or foreign commerce on the job. Interstate commerce means any work involving or related to the movement of persons or things

(including intangibles, such as information) across state lines or from foreign countries (*i.e.* the sale of lottery tickets across the country).

ROA.473. This allegation is insufficient to raise jurisdiction. *See Hebert v. Marathon Oil Co.*, 2020 U.S. Dist. LEXIS 54659, at 6-7 (S.D. Tex. Mar. 30, 2020) (Citations omitted) (Emphasis added):

> Hebert has not plausibly alleged individual coverage under the FLSA. Individual coverage applies only if "the [employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity Although there is no "de minimus requirement," the work itself must be "entwined with the continuous stream of interstate commerce."

> Hebert alleges that he worked as a "completions consultant" on Marathon Oil Company and Marathon Oil Permian's "Permian Basin Field Completions Team," to help with fracking operations in New Mexico's Permian Basin. **Hebert does not allege any other facts that could show how his individual role was directly related to interstate commerce.** He repeats the statutory language, alleging that the defendants "'employed' Hebert in 'commerce,' in the production of 'goods' for commerce." The lack of factual allegations means that the amended complaint fails to plausibly allege individual coverage.

Like the Plaintiff in *Herbert*, Appellant failed to allege any specific connection to interstate commerce.[23] Therefore, the district court's judgment can be affirmed based on this alternative pleading insufficiency.

Moreover, the SEC filings attached to the SAC[24] show a temporary suspension of Lottery game sales operations – Appellant's only connection to interstate commerce:

> "In July 2022, we furloughed the majority of our employees and suspended our lottery game sales operations…"

ROA.520. A complaint that is contradictory is implausible on its face. *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012); *Grimes v. Bd. of Trs. for Northcentral Univ.*, 2024 U.S. Dist. LEXIS 6933, at *16 (S.D. Cal. Jan. 12, 2024) (Collecting cases). Therefore, the district court's judgment can be affirmed based on this alternative pleading insufficiency.

---

[23] *See Puente v. Ridge*, 324 Fed. Appx. 423, 428 (5th Cir. 2009) ("[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."); *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995) ("If a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts.").

[24] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").

## CONCLUSION

The Court should affirm the district court's final judgment.

### SUBMITTED BY:

s/Andrew R. Korn
Andrew R. Korn, P.L.L.C.
4221 Avondale Avenue
Dallas, TX 75219

## CERTIFICATE OF SERVICE

I certify that on April 4, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, upon the following registered CM/ECF users:

> Eddie Hodges Jr.
> Alfonso Kennard Jr.
> Kennard Law P.C.
> 5120 Woodway Drive, Suite 10010
> Houston, Texas 77056
> eddie.hodges@kennardlaw.com
> Alfonso.Kennard@kennardlaw.com
> COUNSEL FOR PLAINTIFF-APPELLANTS

Counsel also certifies that on April 4, 2025, the foregoing instrument was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/.

s/Andrew R. Korn

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1: this document contains 6,890 words.

<u>s/Andrew R. Korn</u>